# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**EMMANUEL EDOKOBI**
**2005 Stratton Drive**
**Potomac, Maryland 20854**
                                    Pro se
                         **PLAINTIFF**


V.


**VERIZON MARYLAND INC.**
**One East Pratt Street Floor 8E**
**Baltimore, Maryland-21202-1038**
        C/o
        RESIDENT AGENT:
**THE CORPORATION TRUST INCORPORATED**
351 West Camden Street
Baltimore, Maryland 21201-7912,

**ERIC HARGAN,** in his official capacity as the Secretary
of the United States Department of Health and Human
Services and the **UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES:** C/o Stephen
Schenning/Alan Lazerow Esq. 36 S. Charles St., (4th
Floor) Baltimore, Maryland 21201,

**DAVID FERRIERO,** in his official capacity
as Archivist of the United States National
Archives and Records Administration; and the
**UNITED STATES NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION:** C/o Stephen
Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th
Floor) Baltimore, Maryland 21201,

**TIM HORNE,** in his official Capacity as the
Administrator of the United States General Services
Administration and the **UNITED STATES GENERAL
SERVICES ADMINISTRATION:** C/o Stephen
Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th
Floor) Baltimore, Maryland 21201,

**DANIEL LEVINSON,** in his official Capacity as the
Inspector General of the Office of Inspector General and
the **OFFICE OF INSPECTOR GENERAL:** C/o
Stephen Schenning/Alan Lazerow Esq., 36 S. Charles
St., (4th Floor) Baltimore, Maryland 21201,

**A SPECIAL AGENT AT THE UNITED STATES
NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION: (HEREIN REPLACED) BY
JOHN DOE** in his official capacity as a Special Agent
with the National Institutes of Health; and the **UNITED
STATES NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION:** C/o Stephen Schenning/Alan
Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore,
Maryland 21201,

**CIVIL ACTION NO:** V443133

## JURY TRIAL DEMANDED

## RECEIVED

FEB 09 2018

Clerk of the Circuit Court
Montgomery County, Md.

1

**A SPECIAL AGENT AT NATIONAL INSTITUTE OF HEALTH (HEREIN REPLACED) BY JOHN DOE** in his official capacity as a Special Agent with the National Institutes of Health; and the **NATIONAL INSTITUTES OF HEALTH:** C/o Stephen Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore, Maryland 21201,

**RONALD DAWKINS** in his official capacity as a Special Agent with the United States General Services Administration and United States Department of Health and Human Services; and the **UNITED STATES GENERAL SERVICES ADMINISTRATION AND UNITED STATES DEPARTMENT OF HEALTH:** C/o Stephen Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore, Maryland 21201,

**NACIEVE OWENS** in his official capacity as a Special Agent with the United States General Services Administration and United States Department of Health and Human Services; and the **UNITED STATES GENERAL SERVICES ADMINISTRATION AND UNITED STATES DEPARTMENT OF HEALTH:** C/o Stephen Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore, Maryland 21201,

**ALEX HERNANDEZ** in his official capacity as a Special Agent with the Office of Inspector General and the United States Department of Health and Human Services; and the **OFFICE OF INSPECTOR GENERAL AND UNITED STATES DEPARTMENT OF HEALTH:** C/o Stephen Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore, Maryland 21201,

**CHRISTOPHER CHERRY** in his official capacity as a Special Agent with the United States General Services Administration and United States Department of Health and Human Services; and the **UNITED STATES GENERAL SERVICES ADMINISTRATION AND UNITED STATES DEPARTMENT OF HEALTH:** C/o Stephen Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore, Maryland 21201,

**RICKETY PARKER** in his official capacity as a Senior Administrator with the United States General Services Administration and the **UNITED STATES GENERAL SERVICES ADMINISTRATION:** C/o Stephen Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore, Maryland 21201,

**CHARLES ROBINSON** in his official capacity as a Senior Administrator with the United States General Services Administration and the **UNITED STATES GENERAL SERVICES ADMINISTRATION:** C/o Stephen Schenning/Alan Lazerow Esq., 36 S. Charles St., (4th Floor) Baltimore, Maryland 21201,

**ELLINGTON CHURCHILL, JR.,** in his official Capacity as the Secretary of the Maryland Department of General, and the **MARYLAND DEPARTMENT OF GENERAL SERVICES:** C/o Brian Frosh Esq.,

2

Maryland Attorney General 200 St. Paul Place, Baltimore, MD 21202,

**CLAUDE MISHER,** in his official Capacity as the Administrator of Maryland State Agency of Surplus Property of Maryland Department of General Services, and the **MARYLAND DEPARTMENT OF GENERAL SERVICES:** C/o Brian Frosh Esq., Maryland Attorney General 200 St. Paul Place, Baltimore, MD 21202,

**TERRI WINSTON,** in her official Capacity as the Administrator of Maryland State Agency of Surplus Property of Maryland Department of General Services and the **MARYLAND DEPARTMENT OF GENERAL SERVICES:** C/o Brian Frosh Esq., Maryland Attorney General 200 St. Paul Place, Baltimore, MD 21202,

        **DEFENDANTS.**

## COMPLAINT

NOW Comes Plaintiff Emmanuel Edokobi by Himself as a pro se brings this Civil Action under 42 U.S.C. 1983, and 42 U.S.C. 1985(3) and 18 U.S.C. § 1030(a)(2), Pursuant to 15 U.S. Code § 1692i and 15 U.S. Code § 1692k; and 15 U.S. Code § 1692e; 15 U.S. Code § 1692f; 15 U.S. Code § 1692g and Fed. R. Civ. P. 9(b); 18 U.S. Code § 1001(2)(3), and Fed. R. Civ. P. 9(b) and Maryland Commercial Law Article § 13-303(1) and under First Amendment, Fourth Amendment, Fourteenth Amendment and Maryland's Consumer Protect Act and Plaintiff through and by this Civil Action Addresses Defendants' Conspiracies and Defendants' Prejudices and Animosity including, Unfair and Unequal Treatments and Defamatory and Negligent Misrepresentation and Intentional Deceptions and Discriminatory Conduct of Defendants Against Plaintiff that Deprives Plaintiff's Civil Rights, Privileges, and Immunities Secured and Protected by the Constitution and Laws of the United States and Laws of State of Maryland and Plaintiff avers on knowledge, information, and belief hereunder as follows:

## I.   JURISDICTION AND VENUE

1.   The Circuit Court for Montgomery County of Maryland has Jurisdiction to hear this action pursuant to 12 U.S.C. § 2614 and pursuant to 42 U.S.C. 1983. The Circuit for Montgomery County has Jurisdiction to hear this action pursuant to Md. Code Ann., Cts. & Jud. Proc., § 6-201(a)(b) and § 6-202 (7)(11). The Circuit Court allows compensatory, declaratory, punitive and injunctive reliefs which Plaintiff seeks against Defendants pursuant to 42 U.S.C. Section 1983; 28 U.S.C. Sections 2201 and 2202 and 5 U.S.C. §552(a)(3)(4) and 42 U.S. Code § 2000d and 42 U.S. Code § 1985 (3) and claims arising from First

3

Amendment, Fourth Amendment, Sixth Amendment, Eight Amendment, Fourteenth Amendment and Maryland Declaration of Rights Art.20, 21, 24 and 25. Jurisdiction of this Court arises under 28 U.S.C. § 1367 (a)(b) (Supplemental Jurisdiction) for Pendent State Law Claims.

2.      Jurisdiction of this Court arises under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 (Federal Question Jurisdiction) and Pursuant to 28 U.S. Code § 1332 and to 28 U.S.C. § 1391 and 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 28 U.S. Code § 2403 Jurisdiction includes Diversity of Citizenship and Amount in Controversy including Costs and Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1)(B) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district and Records and Documents Relevant to the Complaints are Maintained in this Judicial District.

3.      Finally, the Circuit Court for Montgomery County has Subject Matter Jurisdiction in lawsuits between citizens of different states and the amount in claim is limitless; pursuant to Md. Cts. & Jud. Proc. Code Ann. § 6-103. The Circuit for Montgomery County has Jurisdiction to hear this action pursuant MD Cts & Jud Pro Code § 6-101; MD Cts & Jud Pro Code § 6-102 and MD Cts & Jud Pro Code § 6-103.

## II.   PARTIES

4.      Plaintiff Emmanuel Edokobi is a natural person and citizen of the United States of America and citizen of the State of Maryland. Plaintiff Emmanuel Edokobi is the Founder and President of **United Support Foundation Inc., (USF)** by which Plaintiff volunteers to provide educational services of free computer skills training to American Adults and free mathematics tutorials to American Children and free job interview skills training for the first-time job entering workforce. Plaintiff Emmanuel Edokobi is the Founder and Pastor of the **All Believers' Church of Christ** and **Co-Founder and Associate Pastor of Faith Assembly Church of God Inc.** which provides Church Services and Different Community Activities in Montgomery County and Prince George's County. Plaintiff Emmanuel Edokobi at all-time relevant to this action is a resident of Montgomery County and a homeowner and an office owner in the State of Maryland.

5.      Defendant Verizon Maryland Inc., provides voice, data, FiOS and video communication services for consumers, businesses, and government agencies in Maryland. Defendant Verizon provides voice, data, and video communications products and services, including broadband video and data, corporate networking services, data center and cloud services, security, and managed network services, and local and

long-distance voice services. Defendant Verizon Maryland Inc., offers services through fiber-optic and Internet protocol-based networks to connect homes and businesses directly to the network. Defendant Verizon Maryland Inc., is a public service company engaged in, among other things, the supply and distribution of telephone service and internet service for the use of the public throughout the State of Maryland. Defendant Verizon Maryland Inc., and its agents, servants, and/or employees did not provide Plaintiff correct information as to the hacking of Plaintiff's Computer at Plaintiff's Private Residence by Special Agent Ronald Dawkins and his team of Special Agents who were investigating Plaintiff.

6.     Defendant Eric Hargan is an Acting Secretary of the United States Department Health and Human Services and is sued in his official capacity. As Acting Secretary of the United States Department Health and Human Services; Mr. Eric Hargan is charged with implementation and enforcement of his agency's policies, and terms and conditions in line with Federal Agency Computer Donations Programs which are defined as follows: **Terms and Conditions and Policies of the United States Federal Agencies' Donations of Computer Programs these include: (1)** Non-Sale of Federal Surplus Computer Donations Policy; **(2)** Non-use of A Qualified Appraiser for Computer Donations Policy; **(3)** Replicating of Original Computer Acquisition Cost Policy; **(4)** Non-Supply of Software on Federal Surplus Computer Donations Policy; **(5)** Donee's Responsible for **Y2K** Compliance for Federal Surplus Computer Donations Policy; **(6)** Removal of Hard Disk Drive Out of Federal Surplus Computer Donations Policy; **(7)** Donee's Computer Donations Utilization Compliance Policy; **(8)** Donor's Computer Donations Cannibalization Restriction Policy; **(9)** A-Three-Year-Donor's Retention-Right-of-Ownership Computer Donations Policy, **(10)** Release of Government-Agency Harmless for Any Liability Policy; **(12)** Non-Recycling of Computer Donations Policy; **(13)** Donee's Responsibility in the Removal of Donated Computers from Government's Premises Policy; **(14)** Civil Rights Compliance for Federal Surplus Property Recipient Policy; **(15)** Non-Stock-piling of Computer Donations Policy; **(16)** Donee's Responsibility for Transportation of Donated Computers Policy; **(17)** Non-transferable of Federal Surplus Donated Computers Policy. These Federal Surplus Personal Property Donations Terms and Conditions and Policies are defined under §102-37.435; §102-37.440; §102-37.445 and §102-37.450 of the Federal Management Regulation Section 102-37.380 (Appendix C) and in those documents, that, Plaintiff received from the National Institute of Health (NIH) and the Department of Health and Human Services (DHHS). Mr. Michael Leavitt was Secretary of United States Department Health

5

and Human Services (DHHS) during the time of incident under this Civil Action. Mr. Michael Leavitt is herein replaced by Mr. Eric Hargan.

7.      Defendant United States Department of Health and Human Services (DHHS) is an executive agency of the federal government charged with implementation and enforcement of terms and conditions and policies in line with Federal Agencies' Computer Donations Programs which are defined as follows: **Terms and Conditions and Policies of the United States Federal Agencies' Donations of Computer Programs these include:** (1) Non-Sale of Federal Surplus Computer Donations Policy; (2) Non-use of A Qualified Appraiser for Computer Donations Policy; (3) Replicating of Original Computer Acquisition Cost Policy; (4) Non-Supply of Software on Federal Surplus Computer Donations Policy; (5) Donee's Responsible for **Y2K** Compliance for Federal Surplus Computer Donations Policy; (6) Removal of Hard Disk Drive Out of Federal Surplus Computer Donations Policy; (7) Donee's Computer Donations Utilization Compliance Policy; (8) Donor's Computer Donations Cannibalization Restriction Policy; (9) A-Three-Year-Donor's Retention-Right-of-Ownership Computer Donations Policy, (10) Release of Government-Agency Harmless for Any Liability Policy; (12) Non-Recycling of Computer Donations Policy; (13) Donee's Responsibility in the Removal of Donated Computers from Government's Premises Policy; (14) Civil Rights Compliance for Federal Surplus Property Recipient Policy; (15) Non-Stock-piling of Computer Donations Policy; (16) Donee's Responsibility for Transportation of Donated Computers Policy; (17) Non-transferable of Federal Surplus Donated Computers Policy. These Federal Surplus Personal Property Donations Terms and Conditions and Policies are defined under §102-37.435; §102-37.440; §102-37.445 and §102-37.450 of the Federal Management Regulation Section 102-37.380 (Appendix C) and those documents that, Plaintiff received from the National Institute of Health and the Department of Health and Human Services (DHHS).

8.      Defendant David Ferriero is an Archivist of National Archives and Records Administration (NARA) and is sued in his official capacity. As an Archivist of National Archives and Records Administration he is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agency; National Archives and Records Administration implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.**

9.      Defendant the National Archives and Records Administration (NARA) is an independent agency of the United States government charged with preserving and documenting government and historical records and the National Archives is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which National Archives and Records Administration implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.**

10.      Defendant Tim Horne is the Administrator of the United States General Services and is sued in his official capacity. As the Administrator of General Services Administration; he is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agency (GSA) implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.** Mr. David Bibb was the Administrator of General Services Administration during the time of incident under this civil action and that Mr. David Bibb was involved in the Plaintiff's Intended Legal against Defendant Rickety Parker and General Services Administration. Mr. David Bibb is herein replaced by; Mr. Timothy Horne.

11.      Defendant General Services Administration (GSA) is an independent agency of the United States government, which was established in 1949 to help manage and support the basic functioning of federal agencies and GSA operates computers donations program through the State Agencies for the entire country and GSA is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which GSA implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**.

12.      Defendant Daniel Levinson is an Inspector General of the Office of Inspector General of the United States Department Health and Human Services and is sued in his official capacity. As an Inspector General of Office of Inspector General; he is charged with implementation and enforcement of the Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agency (OIG) implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Defendant Daniel Levinson has been the Inspector General of the Office of Inspector General and the U.S. Department of Health and Human Services since September 8, 2004. Defendant Daniel Levinson Ordered His Special Agents to Conduct those Obnoxious

7

and Unprovoked Searches and Seizures Operations at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and Plaintiff's Private Office at 6900 Cipriano Road Lanham, Maryland 20706 on Thursday October 16, 2008.

13.    Defendant Office of Inspector General's (OIG) is to protect the integrity of Department of Health & Human Services (DHHS) programs as well as the health and welfare of program beneficiaries and Department of Health & Human Services (DHHS) is charged with implementation and enforcement of the Federal Surplus Computer Donations Program Terms and Conditions and Policies which Department of Health & Human Services implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.**

14.    Defendant John Doe; is a Special Agent at the United States National Archives and Records Administration and is sued his official capacity. As a Special Agent with the United States National Archives and Records Administration; he is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which NARA implements and enforces in line with the Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Defendant Special Agent John Doe participated in those Obnoxious and Unprovoked Search and Seizure Operations at Plaintiff's House and Office on Thursday October 16, 2008.

15.    Defendant John Doe; is a Special Agent at the National Institutes of Health (NIH) and is sued his official capacity. As a Special Agent with National Institutes of Health; he is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which NIH implements and enforces in line with the Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Defendant Special Agent John Doe participated in those Obnoxious and Outrageous Searches and Seizures Operations at Plaintiff's House and Office on Thursday October 16, 2008. Special Agent John Doe and Special Agent Alex Hernandez and Special Agent Rolando Velez **[Not A Defendant]** Interrogated Plaintiff on Thursday October 16, 2008 and a true and certified copy of the Interrogation is part of this Complaint.

16.    Defendant National Institutes of Health (NIH) is the primary agency of the United States government responsible for biomedical and public health research; it is a part of the United States Department of Health and Human Services and NIH is charged with implementation and enforcement of Federal Surplus

8

Computer Donations Program Terms and Conditions and Policies which National Institutes of Health implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.**

17.    Defendant Ronald Dawkins is a Special Agent with the United States General Services Administration and United States Department of Health and Human Services and is sued in his official capacity. As a Special Agent with U.S. General Services Administration and U. S. Department of Health and Human Services; Defendant Ronald Dawkins is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agencies implement and enforce in line with the Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.** Defendant Ronald Dawkins is the person who spearheaded these Criminal Actions against Plaintiff and Plaintiff's Organization (USF) for **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC** which are currently pending at the United States District Court for District of Maryland. Defendant Ronald Dawkins has used his **False and Untrue and Malicious Affidavit** to obtain Search and Seizure Warrants with which Agent Dawkins together with other Agents Named in this Civil Action Conducted those Obnoxious and Outrageous Searches and Seizures Operations at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and Plaintiff's Private Office at 6900 Cipriano Road Lanham, Maryland 20706 on Thursday October 16, 2008.

18.    Defendant Rickety Parker is a Senior Administrative Officer at General Services Administration and is sued in his capacity. As a Senior Administrative Officer, Defendant Parker is charged with the responsibility of Approving and Supervising Donations Programs; and Defendant Rickety Parker is charged with implementation and enforcement of Federal Surplus Used Computer Donations Program Terms and Conditions and Policies which his agency implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Defendant Rickety Parker ignited these Criminal and Civil Actions by arbitrarily and inhumanly suspending Plaintiff and Plaintiff's Organization (USF) from participating in the Federal Government's Computers Donations Programs after Rickety Parker's Visit to Plaintiff's Warehouse and action that prompted Plaintiff to file  an official legal complaint against Defendant Rickety Parker.

19.    Defendant Christopher Cherry is a Special Agent with the United States General Services

9

Administration and United States Department of Health and Human Services and is sued in his official capacity. As a Special Agent with U.S. General Services Administration and U. S. Department of Health and Human Services; Agent Christopher Cherry is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agencies implement and enforce in line with the Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Agent Cherry participated in those Obnoxious and Unprovoked Search and Seizure Operations at Plaintiff's House and Office on Thursday October 16, 2008.

20.   Defendant Nacieve Owens is a Special Agent with the United States General Services Administration and United States Department of Health and Human Services and is sued in his official capacity. As a Special Agent with U.S. General Services Administration and U. S. Department of Health and Human Services; Agent Owens is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agencies implement and enforce in line with the Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.** Defendant Owens participated in those Obnoxious and Unprovoked Search and Seizure Operations at Plaintiff's House and Office on Thursday October 16, 2008.  ·

21.   Defendant Alex Hernandez is a Special Agent with the Office of Inspector General's (OIG) and U. S. Department of Health and Human Services (DHHS) and is sued in his official capacity. As a Special Agent with Office of Inspector General's (OIG) and U. S. Department of Health and Human Services (DHHS); Special Agent Alex Hernandez is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agencies implement and enforce in line with the Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above.**  Special Agent Hernandez participated in those Obnoxious and Unprovoked Search and Seizure Operations at Plaintiff's House and Office on Thursday October 16, 2008 and Special Agent Alex Hernandez together with Special Agent John Doe  and Special Agent Rolando Velez **(Not A Defendant)** Interrogated Plaintiff on Thursday October 16, 2008 and a certified true copy of the Interrogation is part of this Complaint.

22.   Defendant Charles Robinson is a Senior Administrative Officer at General Services Administration and is sued in his official capacity. As a Senior Administrative Officer, at General Services Administration; Defendant Charles Robinson is charged with implementation and enforcement of the Federal

Surplus Computer Donations Program Terms and Conditions and Policies which his agency implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**.

23.     Defendant Maryland Department of General Services is a cabinet-level agency in the executive branch of the State of Maryland Government which provides federal government surplus property through and by Maryland State Agency for Surplus Property (MSASP). Maryland Department of General Services Approved Plaintiff and His Organization (USF) with the Approval to participate in the procurement of federal surplus property donations of used computers. Defendant Maryland Department of General Services is charged with implementation and enforcement of the Federal Surplus Computer Donations Program Terms and Conditions and Policies which MSASP implements and enforces in line with the Federal Surplus Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**.

24.     Defendant Ellington Churchill, Jr., is the Secretary of Maryland Department of General, and is sued in his official capacity. As a Secretary of the Maryland Department of General he is charged with implementation and enforcement of the Federal Surplus Used Computer Donations Program Terms and Conditions and Policies which his agency implements and enforces in line with the Federal Surplus Used Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Alvin Collins was the Secretary of Maryland Department of General Services during the time of incident under this Civil Action. Alvin Collins is herein replaced by: Defendant Ellington Churchill, Jr.

25.     Defendant Claude Misher is the Director of Logistics for Federal Surplus Property Program of the State of Maryland Department of General Services and is sued in his official capacity. As a Director of Logistics for Federal Surplus Property Program of the State of Maryland Department of General Services; Defendant Claude Misher is charged with implementation and enforcement of Federal Surplus Computer Donations Program Terms and Conditions and Policies which his agency implements and enforces in line with the Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Defendant is also charged with the responsibility of approving and managing all those Plaintiff's requests for the Federal Computer Donations and that, Defendant Claude Misher's Letters Dated **September 5, 2008**; **November 19, 2008** and **November 24, 3008** regarding **Noncompliance** for those Used Computer Donations that, Plaintiff had received from Federal Surplus Used Computer Donations Programs are part of this

11

Complaint. Defendant Claude Misher took over from Gary Gray in the Month of September 2008 and that; the incident of this Complaint occurred on Thursday October 16, 2008 under the Management of Defendant Claude Misher.

26.    Defendant Terri Winston is the Administrator of Maryland State Agency of Surplus Property of Maryland Department of General Services and is sued in her official capacity. As the Administrator of Maryland State Agency of Surplus Property of Maryland Department of General Services; Defendant Terri Winston is charged with implementation and enforcement of the Federal Surplus Computer Donations Program Terms and Conditions and Policies which her agency implements and enforces in line with the Federal Surplus Used Computer Donations' Terms and Conditions and Policies enumerated in **paragraphs 6 and 7 above**. Defendant Terri Winston has confirmed in her **Letter Dated March 17, 2009** that, she is assisting General Services Administration in those Unending and Obnoxious Criminal Cases, which Defendants Filed against Plaintiff and Plaintiff's Organization (USF) with **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC** which are pending at the United States District Court for District of Maryland Since October 21, 2008.

## III.   FACTUAL STATEMENTS Of COMPLAINTS

27.    Plaintiff by this Complaint asserts that, **Nine Years (9) have elapsed** ince Plaintiff and Plaintiff's Organization (USF) are falsely and unfairly Branded Criminals by Defendant Ronald Dawkins and other Defendants named in this Civil Action and that; Plaintiff and Plaintiff's Organization USF have had no opportunity to date to clear His Name and the Name of His Organization (USF) or to Challenge these **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC** which Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still active and pending at the United States District Court for the District of Maryland Since October 21, 2008.

28.    Plaintiff by this Complaint asserts that, Defendant Dawkins' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC Was UNSEALED ON SEPTEMBER 23, 2016.** A True and Accurate Copy of Defendant's **Affidavit** for these **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC,** which was **UNSEALED ON SEPTEMBER 23, 2016** is hereby **Marked Exhibit Number 1.**

29.     Plaintiff by this Complaint asserts that, Defendants' **Affidavit** is Infested with False and Untrue Statements and with Prejudice and Malice Defendants Alleged **"Theft of Government Property"** against Plaintiff Emmanuel Edokobi.

30.     Plaintiff by this Complaint asserts that, Defendants' **Affidavit** is Infested with False and Untrue Statements and with Prejudice and Malice Defendants Alleged **"Attempt to Evade Or Defeat Tax"** against Emmanuel Edokobi.

31.     Plaintiff by this Complaint asserts that, Defendants' **Affidavit** is Infested with False and Untrue Statements and with Prejudice and Malice Defendants Alleged **"Fraud and False Statements"** against Emmanuel Edokobi.

32.     Plaintiff by this Complaint asserts that, Defendants' **Affidavit** is Infested with False and Untrue Statements and with Prejudice and Malice Defendants Alleged **"Conspiracy to Defraud the United States"** against Emmanuel Edokobi.

33.     Plaintiff by this Complaint asserts that, Defendants' **Affidavit** is Infested with False and Untrue Statements and with Prejudice and Malice Defendants Alleged that; Plaintiff **"Selling Van Loads of Government Donated Computers to Computech a Beltsville of Maryland Computer Shop"**.

34.     Plaintiff by this Complaint asserts that, Defendants' **Affidavit** is Infested with False and Untrue Statements and with Prejudice and Malice Defendants Alleged Plaintiff **"Sending One Hundred and Thirty-Nine (139) Government Donated Computers to Computech at Beltsville, Maryland"**.

35.     Plaintiff by this Complaint asserts that, Defendants' **Affidavit** is Infested with False and Untrue Statements and with Prejudice and Malice Defendants Alleged Plaintiff **"Giving Illegal Kickback Payment"** Bribe to Harris a Senior Officer at National Institute of Health (NIH)"**.

36.     Plaintiff by this Complaint asserts that, Plaintiff Has Filed Rebuttal Memorandum in Support of Plaintiff's Motion by which Plaintiff Refutes All Those False and Untrue Statements and Malicious Allegations in Defendants' **Affidavit** and Plaintiff by the Rebuttal Motion Requested for Court Hearing and Plaintiff Provided Seven (7) **Affidavits** and Three (3) Supporting Presentation Documents and Other Relevant Supporting Documents which were Provided in Exhibits and Served upon Defendants' Attorneys Pursuant to Fed. R. Crim P. 47 (a) (d). A true and accurate copy of Plaintiff's Rebuttal Motion to Defendants' **Affidavit** is hereby **Marked Exhibit Number 2**.

37.     Plaintiff by this Complaint asserts that, Defendants Special Agents from GSA-OIG, U.S. National Archives (NARA)- OIG, and NIH Police Detectives mentioned in this Civil Action in their efforts to Implement and Enforce the Federal Surplus Used Computer Donations' Terms and Conditions and Policies for which; on June 25, 2008 Special Agents and Detectives mentioned in this Civil Action Initiated **Sting Operations** on Plaintiff by Luring Plaintiff to Come to the NARA Warehouse located at 3301 Matelot Road, College Park, Maryland, to Receive Donation of Used Computers that; NARA intended to Donation to Plaintiff's Organization USF and that; Plaintiff went to NARA's Warehouse with a rental Budget  truck together with two (2)  Male Helpers and that; Plaintiff was not aware that; NARA's Used Computer Donation was a Ruse and a Trap which Defendants  had Set Up for Plaintiff.

38.     Plaintiff by this Complaint asserts that, on June 25, 2008 Plaintiff went to National Archives and Records Administration and among used computers that; Plaintiff received in Donation was a broken **Dell Laptop Latitude C800 with Serial # 7G9GY01,** which Plaintiff Repaired because, Dell Latitude Laptop was built to handle the volume of work that; Plaintiff was doing at the USF and that; Plaintiff tested the Motherboard of the **Dell Latitude C800 with Serial # 7G9GY01** and that; Plaintiff considered it appropriate to repair the Dell Latitude C800 Laptop and that, Plaintiff deploy the **Dell Laptop Latitude C800 with Serial # 7G9GY01**, into USF's work operations and; Plaintiff was using the **Dell Laptop Latitude C800 with Serial # 7G9GY01,** as his work Computer which Plaintiff took home each work day.

39.     Plaintiff by this Complaint asserts that; on Thursday October 16, 2008 Special Agent Ronald Dawkins together with other Criminal Investigators mentioned in this Civil Action Executed **Obnoxious and Outrageous Searches and Seizures Operation**s at Plaintiff's Private House located at 2005 Stratton Drive in Potomac, Maryland 20854 and that; **Dell Laptop Latitude C800 with Serial # 7G9GY01** was Seized which Plaintiff had repaired and deployed into the USF's Work Operations. A true and accurate copy of list of Items seized from Plaintiff's House on October 16, 2008 is hereby **Marked Exhibit Number 3.**

40.     Plaintiff by this Complaint asserts that, **Nine Years (9)** have elapsed since United Support Foundation's Operating Documents including Receipts for the Office Rental Payments and Operating Computers and Computer-related Equipment which were used for Work Operations and Free Skills Trainings at the USF's Office at 6900 Cipriano Road Lanham, Maryland 20706 were seized by Defendants on Thursday October 16, 2008, yet, there has been **no pre or post-seizure** hearing for Plaintiff and Plaintiff's Organization

14

USF to contest the propriety of that action pursuant to Fed. R. Civ. P. 32.2 (a)(b)(c). A true and accurate copy of list of items seized from Plaintiff's Office on October 16, 2008 is hereby **Marked Exhibit Number 4.**

41.     Plaintiff by this Complaint asserts that, **Nine Years** have elapsed since Defendants Filed these **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC** against Plaintiff Emmanuel Edokobi and Plaintiff's Organization; United Support Foundation Inc., ("USF") at the United States District Court for the District of Maryland and that; these **Criminal Cases** are still active and pending since October 21, 2008 and that, Defendants have not closed those **Criminal Cases** and Plaintiff has filed numerous motions by which Plaintiff has requested the United States District Court for the District of Maryland to Close those **Criminal Cases** and Dockets of those **Criminal Cases** are part of this Civil Action. A true and accurate copy of Case Docket for **Criminal Case #8:08-mj-03379-WGC** which Defendants Filed against Plaintiff Emmanuel Edokobi is hereby **Marked Exhibit # 5.** A true and accurate copy of Case Docket for **Criminal Cases #8:08-mj-03380-WGC** which Defendants Filed against United Support Foundation Inc., is hereby **Marked Exhibit Number 6.**

42.     Plaintiff by this Complaint asserts that, as a Pastor that He has been anxiously waiting for the Court Hearing of those Defendants' False Criminal Allegations against Plaintiff so that; Plaintiff Can Clear His Name from those Defendants' False Allegations against Plaintiff and Plaintiff has provided documents in support of Plaintiff Position as the Pastor of **All Believers' Church of Christ**. Plaintiff's Letter to Judith Davis, Mayor of City of Greenbelt and **All Believers' Church of Christ's** Application in reference to DSP-08021 and DSP-10004 which were submitted to the Maryland National Capital Park and Planning Commission ("M-NCPPC") and the Prince George's County Government's Stormwater Management Concept Approval for **All Believers' Church of Christ** are hereby **Marked Exhibit Number 7.**

43.     Plaintiff by this Complaint asserts that, during these past **Nine Years** that; Plaintiff Has Not Traveled Out of the United States of America, because Plaintiff has been advised that Defendants are Waiting for Plaintiff to Travel Out of the United States of America so that; Defendants will go to United States District Court for the District of Maryland to Obtain Warrant of Arrest on Plaintiff Pursuant to **18 U.S.C. Section 1073 (1) (2)** provides in pertinent part:

> "Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees or (2) to avoid giving

15

testimony in any criminal proceedings in such place in which the commission of an offense punishable by death or which is a felony under the laws of such place, is charged".

44. Plaintiff by this Complaint asserts that, between the Month of July 30, 2008 and the Month of October 15, 2008 that; Special Agent Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, were **Constantly Conducting Warrantless Surveillance** on Plaintiff by Installing **Surveillance Equipment** in the Plaintiff's School Parked at Plaintiff' School Premises at 6900 Cipriano Road Lanham, Maryland 20706. A true and accurate Picture of Plaintiff's School Bus Parked at Plaintiff's School Premises is hereby **Marked Exhibit Number 8.**

45. Plaintiff by this Complaint asserts that, between the Month of July 30, 2008 and the Month of October 15, 2008 that; Special Agent Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, **Installed Surveillance Equipment** on the Plaintiff's School Bus which was Parked at Plaintiff's School Premises at 6900 Cipriano Road Lanham, Maryland 20706 and that; Defendants' Surveillance Equipment Damaged Plaintiff's School Bus and that; Defendants were using their Surveillance Equipment to Secretly Monitor Plaintiff's Activities at Plaintiff's Office.

46. Plaintiff by this Complaint asserts that, between the Month of July 30, 2008 and the Month of October 15, 2008 that; Special Agent Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, **Installed Tracking Software** on the **Dell Laptop Latitude C800 with Serial # 7G9GY01 which Plaintiff had received in Donation from NARA** which Plaintiff Repaired and which Plaintiff was using for His Daily Work Operations at USF and that; Defendants were constantly Remotely Accessing and Searching Plaintiff's Computers that, were connected to the Internet in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 through Verizon DSL Internet Services.

47. Plaintiff by this Complaint asserts that, between the Month of July 30, 2008 and the Month of October 15, 2008 that; Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, were constantly Remotely Accessing and Searching Plaintiff's Computers that were connected to the Internet through Verizon DSL in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Plaintiff was Reporting and Complaining to Verizon that; Plaintiff's Internet Service was compromised and Verizon Kept Telling Plaintiff that; Verizon Agents were Testing Plaintiff's DSL for the Provisioning of Verizon's FiOS; While the Truth was that; Defendant Ronald Dawkins and His Team of Criminal Investigators were Remotely and Constantly Accessing and Searching Plaintiff's Computers that

16

were connected to the Internet through Verizon DSL Services and Plaintiff Has Provided an Affidavit in support of Plaintiff's Claims. A Certified Copy of Plaintiff's Affidavit in support of Plaintiff's Complaints against Defendant Verizon Maryland Inc., and other Defendants on the Plaintiff's Internet Service Compromise and the Management of Computers that; Plaintiff received from NARA on June 25, 2008 is hereby **Marked Exhibit Number 9**.

48. Plaintiff by this Complaint asserts that, between Month of July 30, 2008 and the Month of October 15, 2008 that; Special Agent Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, obtained Plaintiff's Secret Internet Credentials including the Internet Protocol (IP) Address for the DSL which was: **IPv4 Address: 72.83.220.185** from Verizon who was providing Digital Subscriber Line (DSL) Services to Plaintiff and that; Verizon and its agents, servants and/or employees **Falsely Informed Plaintiff** that; Verizon agents were testing Plaintiff's DSL for the Provisioning of Verizon's FiOS.

## COUNT ONE (1)

### VERIZON MARYLAND INC., AIDING AND ABETTING
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

49. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through forty-eight (48) of this Complaint as if fully Set forth herein.

50. Plaintiff brings Aiding and Abetting Complaint against Defendant Verizon because Defendant Verizon aided and abetted by providing Plaintiff's Secret Internet Credentials including Plaintiff's Internet Protocol (IP) Address **72.83.220.185** to Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston.

51. Defendant Verizon aided, abetted and encouraged Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston's wrongful and tortious conduct, and knowingly provided substantial assistance, aid, and encouragement to Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston who were between **July 30, 2008 and October**

15, 2008 and without court order remotely accessed and searched Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House.

52.    Defendant Verizon aided, abetted because Verizon without court order provided Plaintiff's Secret Internet credentials including Plaintiff's Internet Protocol (IP) Address **72.83.220.185** to Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston and that; these Criminal Investigators used Plaintiff's Secret Internet credentials including Plaintiff's Internet Protocol (IP) Address **72.83.220.185** to access and search Plaintiff's computers that were connected to the Internet through Verizon DSL at Plaintiff's Private House.

53.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

### COUNT TWO (2)

### VERIZON MARYLAND INC., AIDING AND ABETTING
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

54.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through fifty-three (53) of this Complaint as if fully Set forth herein.

55.    Plaintiff brings Aiding and Abetting Complaint against Defendant Verizon because Defendant Verizon aided and abetted Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston who were between **July 30, 2008 and October 15, 2008** and without court order remotely accessed and searched Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

56.    Defendant Verizon aided, abetted and encouraged Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston's wrongful and tortious conduct of without court order accessed and searched Plaintiff's computers

18

that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

57.    Defendant Verizon Maryland Inc., possessed actual knowledge of Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston's wrongful and tortious conduct of between **July 30, 2008 and October 15, 2008** without court order remotely accessed and searched Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854. (See Dawkins' **Affidavit** Paragraphs 25 and 26).

58.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages, in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT THREE (3)

### VERIZON MARYLAND INC., AIDING AND ABETTING
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

59.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through fifty-eigh (58) of this Complaint as if fully Set forth herein.

60.    Plaintiff brings Aiding and Abetting Complaint against Defendant Verizon who possessed actual knowledge of Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston's wrongful and tortious conduct of between **July 30, 2008 and October 15, 2008** without court order remotely accessed and searched Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

61.    Defendant Verizon Maryland Inc., aided, abetted, and encouraged Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston's wrongful and tortious conduct, and Verizon knowingly provided substantial assistance, aid, and encouragement to Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;

19

Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston which included providing Plaintiff's Secret Internet credentials including IP Address; **72.83.220.185** with which Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston used to remotely access and search Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House.

62.     Defendant Verizon Maryland Inc., aided, abetted, and encouraged Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston by providing Plaintiff's Secret credentials to Dawkins and His Associates.

63.     WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT FOUR (4)

### VERIZON MARYLAND INC., AIDING AND ABETTING
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

64.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through sixty-three (63) of this Complaint as if fully Set forth herein.

65.     Defendant Verizon Maryland Inc., aided, abetted, and encouraged Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston's wrongful and tortious conduct, and Verizon knowingly provided substantial assistance, aid, and encouragement to Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston which included providing Plaintiff's Secret Internet credentials including IP Address; **72.83.220.185** with which Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston used to remotely access and search Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House.

20

66.   Defendant Verizon Maryland Inc., possessed actual knowledge of Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston's wrongful and tortious conduct of between **July 30, 2008 and October 15, 2008** without court order remotely accessed and searched Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854. See Defendants' **Affidavit** Paragraphs 25 and 26).

67.   Defendant Verizon Maryland Inc., aided and abetted and without court order provided Plaintiff's Secret Internet Credentials including Plaintiff's Internet Protocol (IP) Address; **72.83.220.185** to Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston.

68.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT FIVE (5)
## CONSPIRACY TO COMMIT INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

69.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through sixty-eight (68) of this Complaint as if fully Set forth herein.

70.   Defendant Verizon Maryland Inc.'s conduct in conspiring with Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

71.   The aforesaid conduct by Defendant Verizon Maryland Inc., was extreme and outrageous and beyond the bounds of decency in society.

72.    As a result of the aforesaid conduct and actions by Defendant Verizon Maryland Inc., Plaintiff have suffered, and will continue to suffer, severe and extreme emotional distress because Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston have continued to keep those **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC** which Defendants filed against Plaintiff and against Plaintiff's Organization (USF), which are pending at the United States District Court for District of Maryland Since October 21, 2008.

73.    As a result of the aforesaid conduct and actions by Defendant Verizon Maryland Inc. Plaintiff have suffered, and will continue to suffer, severe and extreme emotional distress because Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston are keeping their criminal cases alive to constantly terrify Plaintiff and that, Plaintiff has been kept in perpetual fear of uncertainty of those unending criminal cases against Plaintiff.

74.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen $15, 000,000.00) in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT SIX (6)

VIOLATION OF UNFAIR AND DECEPTIVE TRADE PRACTICES
UNDER SECTION 13-302 - DECEPTION AND DAMAGE UNNECESSARY.
**PURSUANT TO MARYLAND CONSUMER PROTECTION ACT (MCPA)**
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

75.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through seventy-four (74) of this Complaint as if fully Set forth herein.

76.    Plaintiff brings this Civil Claims of Deceptive Services under Maryland Commercial Law Article § 13-303(1) pursuant to Maryland Consumer Protection Act (MCPA) against Defendant Verizon Maryland Inc., for providing Deceptive Services to Plaintiff by persistently and insistently telling Plaintiff that; Verizon's DSL Internet Service at Plaintiff's House at 2005 Stratton Drive Potomac, Maryland 20854 was being Tested for Verizon's FiOS Provisioning; While the Truth was that; Verizon and its agents and

22

employees provided Defendant Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action with Plaintiff's Internet Secret Credentials with which Defendant Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action were constantly and unabatedly remotely accessing and searching Plaintiff's Computers that were connected to the Internet through Verizon DSL at Plaintiff' Private House at 2005 Stratton Drive Potomac, Maryland 20854.

77.     Plaintiff brings this Civil Claims of Unfair and Deceptive Trade Practice under Maryland Commercial Law Article § 13-303(1) pursuant to Maryland Consumer Protection Act (MCPA) against Defendant Verizon Maryland Inc., because between the Month of July 30, 2008 and the Month of October 15, 2008 that; Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, were constantly Remotely Accessing and Searching Plaintiff's Computers that, were connected to the Internet through Verizon DSL in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

78.     WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT SEVEN (7)

NEGLIGENT OR WILLFUL VIOLATION OF BY FALSELY REPRESENTING
THE CHARACTER USED FALSE REPRESENTATIONS AND DECEPTION
VIOLATED SEVERAL PROVISIONS OF THE MARYLAND CONSUMER
**PROTECTION ACT ("MCPA"), MD CODE, COMMERCIAL LAW,**
§ 13-301 TITLE 13 SUBTITLE 1 -13-101(C)(1)
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

79.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through seventy-eight (78) of this Complaint as if fully Set forth herein.

80.     Plaintiff brings this Civil Claims of negligent and willful violation of falsely representing the character and deception under several provisions of the Maryland Consumer Protection Act ("MCPA"), Md Code, Commercial Law, § 13-301 Title 13 Subtitle 1-13-101(c)(1) against Defendant Verizon Maryland Inc., for being negligent and willful violation by falsely representing the character and using false representations

23

and deceptions in handing Plaintiff's Complaint that; Plaintiff's Internet Services which Verizon provided to Plaintiff was Compromised and that; Verizon was aware that; Defendant Dawkins and other Criminal Investigators named in this Complaint were Remotely Accessing and Searching Plaintiff's Computer that were connected to the Internet through Verizon DSL at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

81.    Plaintiff brings this Civil Claims of negligent and willful violation by falsely representing the character under several provisions of the Maryland Consumer Protection Act ("MCPA"), Md Code, Commercial Law, § 13-301 Title 13 Subtitle 1-13-101(c)(1) against Defendant Verizon Maryland Inc., because, Verizon did not stop Defendant Dawkins and other Criminal Investigators named in this Complaint after Plaintiff made Countless Complaints and Reports to Verizon that; Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Services had been compromised.

82.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT EIGHT (8)

### VIOLATION OF MARYLAND CONSUMER PROTECTION ACT,
### MD. COMMERCIAL LAW CODE ANN. TITLE 13- SECTION 13-301 (6)
### FALSE AND MISLEADING REPRESENTATION OF FACT
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

83.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through eighty-two (82) of this Complaint as if fully Set forth herein.

84.    Plaintiff brings this Civil Claims of Violation of Maryland Consumer Protection Act, Md. Commercial Law Code Ann. Title 13- Section 13-301(6); False and Misleading Representation of Fact against Defendant Verizon Maryland Inc., for providing False and Misleading Representation of Fact regarding Plaintiff's Numerous Complaint and Reporting to Verizon that; Plaintiff 's Computers that were connected to the Internet through Verizon's DSL Internet Service were being Accessed by People Unknown to Plaintiff and that; Verizon Provided Plaintiff False and Misleading Information which includes that;

24

Verizon's Agents were Testing Plaintiff's DSL for the Provisioning of Verizon's FiOS and that; Verizon never provided FiOS to Plaintiff and that; Dawkins' **Affidavit** has revealed that Dawkins and His Team of Criminal Investigators were Illegally Accessing and Searching Plaintiff's Computer that were connected to the Internet through Verizon DSL Internet Service. (See Paragraph 25 and 26 of Dawkins' **Affidavit**)

85.    Plaintiff brings this Civil Claims of Violation of Maryland Consumer Protection Act, Md. Commercial Law Code Ann. Title 13- Section 13-301(6); False and Misleading Representation of Fact against Defendant Verizon Maryland Inc., for providing False and Misleading Representation of Fact and that; Verizon knew that; Defendant Dawkins and other Criminal Investigators named in this Complaint were remotely searching Plaintiff's Computers that were connected to the Internet through DSL Services and that; Verizon kept providing False and Misleading Representation of Fact to Plaintiff's Numerous Complaints and Reporting of Plaintiff's Computers that were connected to the Internet through Verizon DSL were Remotely Accessed by Unknown People. (See Paragraph 25 of Dawkins' **Affidavit** Marked Exhibit #1).

86.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT NINE (9)

VIOLATION OF MARYLAND CONSUMER PROTECTION ACT,
**MD. COMMERCIAL LAW CODE ANN. TITLE 13- SECTION 13-301(9)**
DECEPTION, FRAUD, FALSE PRETENSE, FALSE PREMISE, MISREPRESENTATION,
OR KNOWING CONCEALMENT, SUPPRESSION, OR OMISSION OF ANY MATERIAL FACT
WITH THE INTENT THAT A CONSUMER RELIES ON
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

87.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through eighty-six (86) of this Complaint as if fully Set forth herein.

88.    Plaintiff brings this Civil Claims of Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer relies on Pursuant to Maryland Commercial Law Code Ann. Title 13- Section 13-301 (9) against

25

Verizon Maryland Inc., because between the Month of July 30, 2008 and the Month of October 15, 2008 that; Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, were constantly Remotely Accessing and Searching Plaintiff's Computers that, were connected to the Internet through Verizon DSL in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Plaintiff was Reporting and Complaining to Verizon that; Plaintiff's Internet Service was compromised and that; Verizon concealment and suppression those nefarious activities of Ronald Dawkins and His Team of Criminal Investigators by Telling Plaintiff that Verizon agents were Testing Plaintiff's DSL for Verizon FiOS Provisioning and that; Verizon did not Provide FiOS to Plaintiff.

89.     Plaintiff brings this Civil Claims of Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression against Defendant Verizon Maryland Inc., because, in Maryland, to establish a claim of fraudulent misrepresentation, a plaintiff must prove: (1) that a false representation was made, (2) that its falsity was either known or that the representation was made with such reckless disregard to the truth as to be equivalent to actual knowledge of falsity. See Swinson v. Lords Landing Village Condo., 360 Md. 462, 476, 758 A.2d 1008, 1016 (2000) (citing Gittings v. Von Dorn, 136 Md. 10, 15-16, 109 A. 553, 553-54 (1920) and Martens Chevrolet v. Seney, 292 Md. 328, 333, 439 A.2d 534, 537 (1982)).

90.     WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

**COUNT TEN (10)**

VIOLATION OF MARYLAND CONSUMER PROTECTION ACT,
**MD. COMMERCIAL LAW CODE ANN. TITLE 13- SECTION 13-301 (7)**
KNOWINGLY FALSE STATEMENT THAT A SERVICE,
REPLACEMENT, OR REPAIR IS NEEDED
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

91.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through ninety (90) of this Complaint as if fully Set forth herein.

92. Plaintiff brings this Civil Claims of Violation of Maryland Consumer Protection Act, Pursuant to Maryland Commercial Law Code Ann. Title 13- Section 13-301 (7) Knowingly Providing False Statements of Replacement and Repair Needed against Defendant Verizon Maryland Inc., because, between the Month of July 30, 2008 and the Month of October 15, 2008 that; Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, were constantly Remotely Accessing and Searching Plaintiff's Computers that, were connected to the Internet through Verizon DSL in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Plaintiff was Reporting and Complaining to Verizon and that; Verizon Knowingly and Falsely Told Plaintiff that, Plaintiff's DSL was being Tested for the Provisioning of Verizon FiOS. (See Paragraph 25 of Dawkins' **Affidavit**).

93. Defendant Verizon Maryland Inc., violated Maryland Commercial Law Code Ann. Title 13-Section 13-301(7) by Knowingly and Falsely Stated that a Service and Repair is Needed on Plaintiff's DSL Internet Service and that; Verizon Knowingly Falsely Told Plaintiff that; Plaintiff's DSL was being Tested for the Provisioning of FiOS; and that; Plaintiff's DSL was working well and that; there was no Verizon FiOS Service at that time in Plaintiff's Neighborhood.

94. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT ELEVEN (11)

CIVIL CLAIM OF UNJUST ENRICHMENT UNDER
MARYLAND COMMERCIAL LAW ARTICLE § 13-303(1) PURSUANT
**TO MARYLAND CONSUMER PROTECTION ACT (MCPA)**
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

95. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through ninety-four (94) of this Complaint as if fully Set forth herein.

96. Plaintiff brings this Civil Claims of Unjust Enrichment under Maryland Commercial Law Article § 13-303(1) pursuant to Maryland Consumer Protection Act (MCPA) against Defendant Verizon Maryland Inc., because, Verizon Unfairly Charged Plaintiff for the Verizon's DSL Internet Services which

27

Plaintiff was not able to use between July 30, 2008 and October 15, 2008, because, Plaintiff's Internet Service was Hijacked by Defendants Ronald Dawkins and his team of criminal investigators mentioned in this Civil Action and that; Plaintiff was not able to use Verizon DSL Internet Services at Plaintiff's Internet Services at Plaintiff's House at 2005 Stratton Drive Potomac, Maryland 20854. A true and accurate copies of Verizon's Internet Service Bill between the Month of July 30, 2008 and the Month of October 15, 2008 are hereby **Marked Exhibit Number 10.**

97.    Plaintiff brings this Civil Claims of Unjust Enrichment under Maryland Commercial Law Article § 13-303(1) pursuant to Maryland Consumer Protection Act (MCPA) against Defendant Verizon Maryland Inc., because, between the Month of July 30, 2008 and the Month of October 15, 2008 that; Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, were constantly Remotely Accessing and Searching Plaintiff's Computers that, were connected to the Internet through Verizon DSL in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Verizon and its Agents did not make any effort to stop Ronald Dawkins and His Team of Criminal Investigators.

98.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT TWELVE (12)

CIVIL CLAIM OF UNJUST ENRICHMENT
**UNDER FEDERAL RULES OF CIVIL PROCEDURE 8(E)(2) CONSTRUING**
PLEADINGS MUST BE CONSTRUED SO AS TO DO JUSTICE
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

99.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through ninety-eight (98) of this Complaint as if fully Set forth herein.

100.    Plaintiff brings this Civil Claims of Unjust Enrichment under Federal Rules of Civil Procedure Rule 8(e)(2), Construing Pleadings must be construed so as to do justice against Verizon Maryland Inc., because Verizon Unfairly Charged Plaintiff for the Verizon's Internet Services which Plaintiff was not

able to use between July 30, 2008 and October 15, 2008, because, Plaintiff's Internet Services was Hacked and Hijacked by Defendants Ronald Dawkins and his team of criminal investigators named in this Civil Action and that; Plaintiff was not able to use Verizon Internet Services at Plaintiff's Internet Services.

101.    Plaintiff brings this Civil Claims of Unjust Enrichment under Federal Rules of Civil Procedure Rule 8(e)(2), Construing Pleadings must be construed so as to do justice against Verizon Maryland Inc., because Verizon Unfairly Charged Plaintiff for the Verizon's Internet Services which Plaintiff was not able to use between July 30, 2008 and October 15, 2008, because, Verizon did not make any attempt to stop the Hacking of Plaintiff's Computers that were connected to the Internet through Verizon DSL for the period of three (3) months. (See Paragraph 25 of Dawkins' **Affidavit** Marked Exhibit #1).

102.    Plaintiff asserts that; between the Month of July 30, 2008 and the Month of October 15, 2008 that; Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action, were constantly Remotely Accessing and Searching Plaintiff's Computers that, were connected to the Internet through Verizon DSL in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Plaintiff was Reporting and Complaining to Verizon and that; Verizon did not assist Plaintiff.

103.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

**COUNT THIRTEEN (13)**

VIOLATION OF MARYLAND CONSUMER PROTECTION ACT,
**MD. COMMERCIAL LAW CODE ANN. 14 -§ 14-404 (2)**
PROVIDER IS UNABLE TO FULFILL THE TERMS OF
THE SERVICE CONTRACT WITHIN 10 DAYS
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

104.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one hundred and three (103) of this Complaint as if fully Set forth herein.

105.    Plaintiff brings this Civil Claims of Violation of Maryland Consumer Protection Act, Pursuant to Maryland Commercial Law Code Ann. Title 14- Section 14-404(2) against Verizon Maryland

29

Inc., because, Verizon was unable to fulfill the terms of the service contract within 10 days after the date on which the provider is required to perform obligations under the service contract, the provider shall provide on request of the person guaranteed a brief written explanation of the reasons for the delay.

106.    Plaintiff is a consumer within the meaning of Title 13 Subtitle 1 -13-101(c)(1).

107.    Defendant Verizon is a provider within the meaning of Title 13 Subtitle 1 -13-101(g)(1).

108.    Plaintiff brings this Civil Claims of Violation of Maryland Consumer Protection Act, Pursuant to Maryland Commercial Law Code Ann. Title 14- Section 14-404(2) against Verizon Maryland Inc., because Verizon was unable to fulfill the terms of the service contract within 10 days and that; Verizon did not stop the Hacking on Plaintiff's Computers that were connected to the Internet through Verizon DSL and that; Plaintiff was Reporting and Complaining to Verizon that, Plaintiff's Computers that, connected to the Internet through Verizon DSL Internet Service had been subjected to constant Hacking and the Hacking lasted for three months and that; Verizon did not provide Plaintiff any information on the Hacking of Plaintiff's Computers by Dawkins. Defendant Verizon Maryland Inc., violated Unfair and Deceptive Trade Practice under Maryland Commercial Law Article Ann. Title 14- Section 14-404(2) by allowing Ronald Dawkins and His Team of Criminal Investigators, to access and search Plaintiff's Computers.

109.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

**COUNT FOURTEEN (14)**

VIOLATION OF CONSUMER PROTECTION LAWS (CPL),
**MARYLAND COMMERCIAL LAW CODE ANN. (1975) §§ 13-301 — 501;**
CPA § 13-303 § 13-402(C)(1) AND §13-408(B)
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

110.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through hundred and nine (109) of this Complaint as if fully Set forth herein.

111.    Plaintiff brings this Civil Claims of Violation of Consumer Protection Laws (CPL), Maryland Commercial Law Code Ann. (1975) §§ 13-301 — 501; CPA § 13-303 § 13-402(c)(1) and §13-408(b) against

Verizon Maryland Inc., because between July 30, 2008 and October 15, 2008, Plaintiff's Internet Services was illegally accessed by Defendants Ronald Dawkins and his team of criminal investigators and that; Verizon ignored all those Plaintiff's Reports and Complaints to Verizon.

112.    Defendant Verizon Maryland Inc., violated Consumer Protection Laws (CPL), Maryland Commercial Law Code Ann. (1975) §§ 13-301 — 501; CPA § 13-303 § 13-402(c)(1) and § 13-408(b) because between July 30, 2008 and October 15, 2008, Plaintiff was denied the use of the Internet Service which Verizon was providing to Plaintiff through the Verizon's DSL Internet Service.

113.    Defendant Verizon Maryland Inc., violated Consumer Protection Laws (CPL), Maryland Commercial Law Code Ann. (1975) §§ 13-301 — 501; CPA § 13-303 § 13-402(c)(1) and § 13-408(b) because Verizon could not Stop Special Agent Ronald Dawkins and His Team of Criminal Investigators from illegally Accessing and Searching Plaintiff's Computers that were connected to the Internet through Verizon DSL in Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Plaintiff was living in constant fear of not knowing the person who was accessing and searching Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Services.

114.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT FIFTEEN (15)

VIOLATION OF CONSUMER PROTECTION LAWS (CPL),
**PURSUANT TO MARYLAND COMMERCIAL
LAW CODE ANN. § 13-303(1-4), (6), (8),
THE BUSINESS HAD ANY INTENT TO DECEIVE AND MISLEAD THE CONSUMER**
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

115.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one hundred and fourteen (114) of this Complaint as if fully Set forth herein.

116.    Defendant Verizon Maryland Inc., violated Consumer Protection Laws (CPL), Maryland Commercial Law Code Ann. § 13-303(1-4), (6), (8), (10-14), because Verizon knew its representation was

31

false and misleading and that Verizon's intention was to deceive and mislead Plaintiff, because Verizon Maryland Inc., was aware that, Plaintiff's Computers that were connected to the Internet through Verizon DSL Service were being illegally accessed and searched by Defendants Ronald Dawkins and His Team of Criminal Investigators and that; Verizon Kept Telling Plaintiff; that, Plaintiff's DSL was Tested for the Verizon FiOS Provisioning which was False. (See paragraph 25 of Dawkins' **Affidavit**).

117.   Defendant Verizon Maryland Inc., violated Consumer Protection Laws (CPL), Maryland Commercial Law Code Ann. § 13-303(1-4), (6), (8), (10-14) by deceiving and misleading Plaintiff because Verizon Provided Plaintiff's Secret Internet Credentials to Defendants Ronald Dawkins and His Team of Criminal Investigators with which Defendants Ronald Dawkins and His Team of Criminal Investigators were using to illegally remotely Accessing and Searching Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Services at Plaintiff's Private House.

118.   Defendant Verizon Maryland Inc., violated Maryland Consumer Protection Act, Pursuant to Code Ann. Title 14- Section 14-404(2) against Verizon Maryland Inc., and that; Code Ann. Title 14- Section 14-404(2) provides that any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees.

119.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15,000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT SIXTEEN (16)

### CIVIL CLAIMS OF CONSPIRACY AND DECEPTION
### OF USING VERIZON FIOS FOR MANIPULATIONS
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

120.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one hundred and nineteen (119) of this Complaint as if fully Set forth herein.

121.   Plaintiff bring Civil Claims of Conspiracy and Deception and Using of Verizon FiOS for Manipulations against Verizon Maryland Inc., because, Plaintiff had made numerous Reports and

32

Complaints to Verizon Maryland Inc., who was Plaintiff's Internet Service Provider (ISP) in Real-Time concerning those Illegal Searches of Plaintiff Computers that were connected to the Internet through Verizon DSL Internet Service by Defendants Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action and that; Verizon Kept Telling Plaintiff that; Plaintiff's DSL Internet was being Tested for the Provisioning of Verizon FiOS.

122.   Verizon Maryland Inc., conspired with Defendants Ronald Dawkins and His Team of Criminal Investigators by providing Defendants Ronald Dawkins and His Team of Criminal Investigators with Plaintiff's Secret Internet Credentials with which Defendants Ronald Dawkins and His Team of Criminal Investigators were illegally accessed searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Services.

123.   Verizon Maryland Inc.' s Conspiracy and Deception includes and Using of Verizon FiOS for Manipulations because Plaintiff had been deceived by Verizon with the Provisioning of Verizon FiOS; While the Truth was that; Verizon had conspired with Defendants Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action who were in illegally accessed and searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet.

124.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT SEVENTEEN (17)

### CIVIL CLAIMS OF DECEPTION AND NEGLIGENCE IN
**MISREPRESENTATION AND ABUSE OF TRUST**
(Against Verizon Maryland Inc.)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

125.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one hundred and twenty-four (124 of this Complaint as if fully Set forth herein.

126.   Plaintiff brings Civil Claims of Deception and Negligence in Misrepresentation and Abuse of Trust Claims against Verizon Maryland Inc., because between **July 30, 2008 and October 15, 2008,**

33

Plaintiff's Internet Services which Defendant Verizon was providing to Plaintiff was illegally accessed and searched by Defendants Ronald Dawkins and His Team of Criminal Investigators mentioned in this Civil Action and that; Verizon was being Deceptive and Negligence in Misrepresentation to all those Plaintiff's Reports and Complaints to Verizon and that; Verizon Abused Plaintiff's Trust by providing False information to Plaintiff that includes that; Plaintiff's DSL was being Tested for the Provisioning of Verizon FiOS.

127.    Plaintiff brings Civil Claims Deception and Negligence in Misrepresentation and Abuse of Trust Claims against Verizon Maryland Inc., because under current Maryland law for deception and negligent in misrepresentation that; deception and negligent in misrepresentation is established by showing: (a) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (b) intending that the statement will be acted upon by the plaintiff; (c) with knowledge that the plaintiff will probably rely on the statement and which, if erroneous, will cause loss or injury; (d) the plaintiff, justifiably, takes action in reliance on the statement; and (e) suffers damage proximately caused by the defendant's negligence. (Sees the decision by the court of appeals in Jacques v. First National Bank 9 illustrates the current contours of the relationship giving rise to a duty in a common negligence action).

128.    Plaintiff brings Civil Claims Deception and Negligence in Misrepresentation and abuse Claims against Verizon Maryland Inc., because **Verizon Owes A Duty Of Care To The Plaintiff,**

129.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $10,000,000.00) in compensatory damages in the amount of fifteen ($15, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT EIGHTEEN (18)

### CIVIL ACTION OF CONSPIRACY CLAIMS UNDER TITLE 42 U.S.C. 1985 (3)
DEPRIVING OF RIGHTS AND PRIVILEGES AND PROTECTIONS
(Against Verizon Maryland Inc.; Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson;
Agent John Doe at NIH; Agent John Doe at NARA; Dawkins; Owens; Hernandez; Cherry;
Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

130.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one hundred and twenty-nine (129) of this Complaint as if fully Set forth herein.

34

131. Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and to **Deny Plaintiff's Equal protection of the laws**, and Equal privileges and Immunities Under the laws and the United States Constitution by Illegally Remotely Accessed and Searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet and that; Plaintiff did not authorize those Defendants to Remotely Access Plaintiff's Computers that were connected to the Internet through Verizon DSL at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

132. Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned because between **July 30, 2008 and October 15, 2008** that; Defendants Above Captioned Committed Acts of Conspiracy with malicious intend to hurt Plaintiff and to deny Plaintiff's Equal protection of the laws, and Equal privileges and Immunities Under the laws and the United States Constitution by Illegally Remotely Accessed and Searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet and that; Defendants Obtained Plaintiff's Internet Secret Credentials from Verizon who was Plaintiff's Internet Service Provider (ISP).

133. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT NINETEEN (19)

**CIVIL ACTION OF CONSPIRACY CLAIMS UNDER TITLE 42 U.S.C. 1985 (3)**
DEPRIVING OF RIGHTS AND PRIVILEGES AND PROTECTIONS
(Against Verizon Maryland Inc.; Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NIH; Agent John Doe at NARA; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

134. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and thirty-three (133) of this Complaint as if fully Set forth herein.

135. Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and

to deny Plaintiff's Equal protection of the laws, and Equal privileges and Immunities Under the laws and the United States Constitution by Denying Plaintiff Access to Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service and Defendants Above Captioned Remotely Took Control of Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service.

136.    Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and to **Deny Plaintiff's Equal protection of the laws**, and Equal privileges and Immunities Under the laws and the United States Constitution by **Hijacking Plaintiff's Computers** that were connected to the Internet through Verizon DSL Internet so soon as Plaintiff logged into Plaintiff's Computer that was connected to the Internet  and that; Defendants Above Captioned would illegally **Remotely Hijacked  Plaintiff's Computer** that was connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House.

137.    Plaintiff brings Civil Action of Civil Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Illegally Accessed and Searched Plaintiff's Computers.

138.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned, in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY (20)

### CIVIL ACTION OF CONSPIRACY CLAIMS UNDER TITLE 42 U.S.C. 1985 (3)
DEPRIVING OF RIGHTS AND PRIVILEGES AND PROTECTIONS
AND DAMAGING PLAINTIFF'S COMPUTERS WITH VIRUS
(Against Verizon Maryland Inc.; Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NIH; Agent John Doe at NARA; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

139.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and thirty-eight (138) of this Complaint as if fully Set forth herein.

140.    Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and

36

to **Deny Plaintiff's Equal Protection of the Laws**, and Equal privileges and Immunities Under the laws and the United States Constitution by Damaging Plaintiff's Computers by Infecting Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet with **Computer Virus,** because, Plaintiff had threatened Verizon's Technicians with a Court Action.

141.    Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and to **Deny Plaintiff's Equal protection of the laws,** and Equal privileges and Immunities Under the laws and the United States Constitution because; on October 12, 2008 Plaintiff Notified Verizon's Technicians of Plaintiff's Pending Court Action against Verizon; for Illegally Accessing Plaintiff's Data from Plaintiff's Computers that were connected to the Internet  in Plaintiff's Private House and; the next day which was October 13, 2008 that; Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service in Plaintiff's Private House were **infected with Computer Virus** and with Blue Screens on Plaintiff's  Computers that were connected to the Internet through Verizon DSL Internet Service.

142.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-ONE (21)

**CIVIL ACTION OF CONSPIRACY CLAIMS UNDER TITLE 42 U.S.C. 1985 (3)**
DEPRIVING OF RIGHTS AND PRIVILEGES AND PROTECTIONS
**UNLAWFULLY TRACKING; MONITORING; ACCESSING**
(Against Verizon Maryland Inc.; Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson;
Agent John Doe at NIH; Agent John Doe at NARA; Dawkins; Owens; Hernandez; Cherry;
Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

143.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and forty-two (142) of this Complaint as if fully Set forth herein.

144.    Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and to **Deny Plaintiff's Equal protection of the laws,** and Equal privileges and Immunities Under the laws and

the United States Constitution by Unlawfully Tracking; Accessing; Searching and Monitoring Plaintiff Movements Without Court Search Warrant and that; Plaintiff was using the **Dell Laptop Latitude C800 with Serial # 7G9GY01** which Plaintiff Repaired; for attending USF's Business meetings at different locations and that; Defendants Above Captioned were Unlawfully Monitoring and Tracking and Searching with Plaintiff's Secret Internet Credentials including the IP Address that; Verizon had provided to other Defendants and Defendant Dawkins' **Affidavit** provides in part as follows:

> "Information received from the tracking software regional recovery department confirmed from **June 27, 2008 through August 2, 2008,** the Dell laptop provided to Edokobi accessed the internet from the same network and location **(2005 Stratton Dr. Potomac, Maryland 20854)** on seven different occasions. At no time did the tracker register the computer as having been used at the USF-where it was supposed to be (as opposed to Edokobi's personal residence). Case 8:08-mj-03379-WGC Document 4 Filed 10/21/08 Page 16 of 51".

145.    Defendants Above Captioned Committed Acts of Conspiracy by Unlawfully Remotely Searched Plaintiff 's Documents through the Verizon Mobile Hotspot Broadband that; Plaintiff was using to connect to the Internet at different locations.

146.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-TWO (22)

**CIVIL ACTION OF CONSPIRACY CLAIMS UNDER TITLE 42 U.S.C. 1985 (3)**
DEPRIVING OF RIGHTS AND PRIVILEGES AND PROTECTIONS
UNLAWFULLY TRACKING; MONITORING; ACCESSING AND
**SEARCHING OF PLAINTIFF'S LAPTOP COMPUTER**
(Against Verizon Maryland Inc.; Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson;
Agent John Doe at NIH; Agent John Doe at NARA; Dawkins; Owens; Hernandez; Cherry;
Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

147.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and forty-six (146) of this Complaint as if fully Set forth herein.

148.    Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and

to **Deny Plaintiff's Equal protection** of the laws, and Equal privileges and Immunities Under the laws and the United States Constitution because; Defendants in efforts to Implement and Enforce their Non-Sale of Federal Government Used Computer to Plaintiff's Organization (USF) that; Defendants Above Captioned Unlawfully engaged in Remote Tracking; Accessing; Searching and Monitoring of Plaintiff Movements and that; Verizon Maryland Inc., provided those Special Agents Above Captioned with Plaintiff's Secret of Verizon Mobile Hotspot Broadband that; Plaintiff was using to connect to the Internet at different locations.

149.    Defendants Above Captioned Conspired with each other against Plaintiff and with malicious intend to hurt Plaintiff and to **Deny Plaintiff's Equal protection** of the laws, and Equal privileges and Immunities Under the laws and the United States Constitution, because while Plaintiff was attending a Conference in the District of Columbia with the Used and Broken **Dell Laptop Latitude C800 with Serial # 7G9GY01** that; Defendants Above Captioned were Remotely Tracking; Monitoring; Accessing and Searching and Monitoring of Plaintiff Movements, because Verizon Maryland Inc., had provided those Special Agents with Plaintiff's Verizon Mobile Hotspot Broadband Secret Credentials.

150.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-THREE (23)

VIOLATION OF 18 U.S. CODE § 1030 FRAUD AND RELATED
**ACTIVITY IN CONNECTION WITH COMPUTERS (7)(A)(B)(C)**
(Against Verizon Maryland Inc.; Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson;
Agent John Doe at NIH; Agent John Doe at NARA; Dawkins; Owens; Hernandez; Cherry;
Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

151.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and fifty (150) of this Complaint as if fully Set forth herein.

152.    Plaintiff brings Civil Action Claims under 18 U.S. Code § 1030 (7)(A)(B)(C) against Defendants Above Captioned for the Violation of these Sections of 18 U.S. Code § 1030 hereunder mentioned as follow:

153.   18 U.S. Code § 1030 - Fraud and related activity in connection with computers

154.   18 U.S. Code § 1030 (7)(A)(B)(C) provides in pertinent part:

155.   (5) (A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

156.   (B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or

157.   (C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

158.   Threat to cause damage to a protected computer; (B) threat to obtain information from a protected computer without authorization or in excess of authorization or to impair the confidentiality of information obtained from a protected computer without authorization. (12) the term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity. Threat to cause damage to a protected computer; (B) threat to obtain information from a protected computer without authorization or in excess of authorization or to impair the confidentiality of information obtained from a protected computer without authorization or by exceeding authorized access.

159.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-FOUR (24)

VIOLATION OF 18 U.S. CODE § 1030 (G)
**ACTIVITY IN CONNECTION WITH COMPUTERS**
(Against Verizon Maryland Inc.; Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson;
Agent John Doe at NIH; Agent John Doe at NARA; Dawkins; Owens; Hernandez; Cherry;
Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

160.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and fifty-nine (159) of this Complaint as if fully Set forth herein.

161.    Plaintiff brings Civil Action Claims under 18 U.S. Code § 1030 (g) against Defendants Above Captioned for the Violation of these Sections of 18 U.S. Code § 1030 (g) and section Sections of 18 U.S. Code § 1030 (g) provides hereunder as follow:

162.    18 U.S. Code § 1030 (g) "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclasses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware".

163.    Plaintiff asserts that; this Civil Action is filed **under two (2) years** of discovering of the Violation because the Violation Occurred between July 30, 2008 and October 15, 2008; Violation Perpetrators were Discovered from Ronald Dawkins' **Affidavit Unsealed on September 23, 2016** which Defendants Filed in Docket Number 4 of these **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC** which Defendants Filed against Plaintiff and Plaintiff's Organization on October 21, 2008 which are still active and Pending at the United States District Court for the District of Maryland Since October 21, 2008.

164.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-FIVE (25)

### CIVIL ACTION UNDER 18 U.S. CODE § 2707(A) (C) (D)(F)(G) CHAPTER 121
STORED WIRE AND ELECTRONIC COMMUNICATIONS
AND TRANSACTIONAL RECORDS ACCESS
(Against Verizon Maryland Inc.; Hargan; Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

41

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

165.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and sixty-four (164) of this Complaint as if fully Set forth herein.

166.    Plaintiff bring Civil Action under 18 U.S. Code § 2707(a) (c) (d)(f)(g) Chapter 121 Stored Wire and Electronic Communications and Transactional Records Access against Defendants Above Captioned because, Verizon Provided Plaintiff's Secret Internet Credentials to Federal Defendants and State Defendants with which those Defendants Above Captioned Remotely Accessed and Searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and  18 U.S. Code § 2707(a) (c) (d)(f)(g provides in pertinent part:

167.    (a) Cause of Action. Except as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity which engaged in that violation such relief as may be appropriate.

168.    Verizon Maryland Inc. is a provider of electronic communication service under the of meaning of under 18 U.S. Code § 2707(a).

169.    Plaintiff is a subscriber under the of meaning of under 18 U.S. Code § 2707(a).

170.    Federal Defendants Above Captioned are officers or employees of the agencies or departments under the meaning of 18 U.S. Code § 2707(d).

171.    State of Maryland Defendants Above Captioned are officers or employees of the agency or department under the meaning of 18 U.S. Code § 2707(d).

172.    (b) Relief.  In a civil action under this section, appropriate relief includes.

173.    (c) Damages. The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation.

174.    d) Disciplinary Actions for Violations. If a court determines that any agency or department of the United States has violated this chapter and the court finds that the circumstances surrounding the violation raise the question whether or not an officer or employee of the agency or department acted willfully

42

or intentionally with respect to the violation, the agency or department concerned shall promptly initiate a proceeding to determine whether or not disciplinary action is.

175.   (1) such preliminary and other equitable or declaratory relief as may be appropriate;

176.   (2) damages under subsection (c).

177.   (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

178.   (f) Limitation. A civil action under this section may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation.

179.   Plaintiff's Civil Action is filed within **two (2) years of discovering** the Violation under the meaning of 18 U.S. Code § 2707(f).

180.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-SIX (26)

### CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST GOVERNMENT'S ACTION OF "UNREASONABLE SEARCHES OF PLAINTIFF'S COMPUTERS
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

181.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and eighty (180) of this Complaint as if fully Set forth herein.

182.   Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law By Depriving Plaintiff's Constitutional Rights Pursuant to the Fourth Amendment Clause of Protection against Government's Action of **"Unreasonable Searches And Seizures"** because; Defendants with prejudice and

43

animosity against Plaintiff engaged in the Implementation and Enforcement of **Defendants' Policies of Non-Sale of Government's Donated Computers** to Plaintiff's Organization (USF) for which Defendants with an immense desire to incriminate Plaintiff engaged in the Remote Access and Search of Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

183. Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Above Captioned for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action of "Unreasonable Searches and Seizures" and that; Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment, By Remotely Accessed and Searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House and that; Defendants Above Captioned **Did Not obtain Court Search Warrants** prior to Remotely Accessing and Searching of Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's House.

184. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-SEVEN (27)

**CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO**
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST GOVERNMENT'S
ACTION OF "UNREASONABLE REMOTE SEARCHES OF PLAINTIFF'S COMPUTERS
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH;
Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

185. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and eighty-four (184) of this Complaint as if fully Set forth herein.

44

186.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action of "**Unreasonable Searches and Seizures**" and that; Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment, By Remotely Accessed and Searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Defendants Above Caption Did Not Obtain Court Search Warrants.

187.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Above Captioned for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action of "Unreasonable Searches and Seizures" and that; Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment, By Remotely Accessed and Searched Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 because of **One Dell latitude-C800 laptop computer with serial number 7G9GY01** which Defendant United States National Archives and Records Administration had Donated to Plaintiff's Organization (USF) on June 25, 2008 under the Sting Operations of Federal Defendants Above Captioned.

188.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper

## COUNT TWENTY-EIGHT (28)

**CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO**
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST GOVERNMENT'S
ACTION OF "UNREASONABLE SEARCHES OF PLAINTIFF'S COMPUTERS
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH;
Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

45

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

189.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and eighty-eight (188) of this Complaint as if fully Set forth herein.

190.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action and Fourth Amendment Clause provides in pertinent part hereunder as follows:

191.    "The right of the people to be secured in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated by Government." See Delaware v. Prouse, 440 U. S. 648, 653 (1979); United States v. Martinez-Fuerte, 428 U. S. 543, 556 (1976); United States v. Brignoni-Ponce, 422 U. S. 873, 878 (1975) and Pennsylvania v. Mimms, 434 U. S. 106, 109 (1977) (per curiam).

192.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Above Captioned for Committing Acts, Under Color of Law to Deny Plaintiff His Fourth Amendment Protection by Installing Software for Tracking and Searching Plaintiff's Computers and for Tracking Plaintiff Movements and Dawkins' **Affidavit** provides in pertinent part:

> **"One of the items provided to Edokobi as part of the federal donation from the NARA was a Dell latitude-C800 laptop computer, which displayed serial number 7G9GY01.** The Dell laptop contained tracking software installed by the Affiant. **The tracking software** allowed the Affiant to identify **internet protocol address 72.83.220.185** being used by the Dell laptop during the evening of June 27, 2008. Records from **Verizon Internet Services** later identified **internet protocol address 72.83.220.185** as assigned to the digital subscriber line of Emmanuel Edokobi at 2005 Stratton Dr. Potomac, Maryland 20854 during the usage on June 27, 2008. The address on Stratton Dr. is Edokobi's home address, and is listed as Edokobi's home address on Maryland Motor Vehicle Administration records". Case 8:08-mj-03379-WGC Document 4 Filed 10/21/08 Page 16 of 51.

193.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT TWENTY-NINE (29)

### CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST GOVERNMENT'S
**ACTION OF "UNREASONABLE SEARCHES OF PLAINTIFF'S COMPUTERS**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH;
Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

194.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one-hundred and ninety-three (193) of this Complaint as if fully Set forth herein.

195.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law By Depriving Plaintiff's Constitutional Rights Pursuant to the Fourth Amendment Clause of Protection against Government's Action of **"Unreasonable Searches and Seizures"** because; Defendants with prejudice and animosity against Plaintiff; that, Defendants violated their **Terms and Conditions and Policies of the United States Federal Agencies' Donations of Computer Program of: "Non-Supply Of Software On Federal Surplus Computer Donations Policy" By Installing Tracking Software** that allowed Defendants to Identify Plaintiff's **Internet Protocol Address 72.83.220.185** and which allowed Defendants to Remotely Access and Search Plaintiff's computers that were connected to the Internet through Verizon DSL Internet at Plaintiff's House at 2005 Stratton Drive Potomac, Maryland 20854. A true and accurate copy of Defendants' Non-Supply of Software on Federal Surplus Computer Donations Policy" is hereby **Marked Exhibit Number 11.**

196.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT THIRTY (30)

**CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO**
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST GOVERNMENT'S
**ACTION OF "UNREASONABLE SEARCHES OF PLAINTIFF'S COMPUTERS**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH;
Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

197.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through one hundred and ninety-six (196) of this Complaint as if fully Set forth herein.

198.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law By Depriving Plaintiff's Constitutional Rights Pursuant to the Fourth Amendment Clause of Protection against Government's Action of **"Unreasonable Searches and Seizures"** because; Defendants with prejudice and animosity against Plaintiff; that, Defendants violated Plaintiff's Privacy By Using their **Software** to Remotely Accessed and Searched Plaintiff's computers that were connected to the Internet through Verizon DSL Internet service at Plaintiff's Private House.

199.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT THIRTY-ONE (31)

**CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO**
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST GOVERNMENT'S
**ACTION OF "UNREASONABLE SEARCHES OF PLAINTIFF'S COMPUTERS**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH;
Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

48

200. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two hundred and ninety-nine (199) of this Complaint as if fully Set forth herein.

201. Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law By Unlawfully engaged in Remotely Accessed and Searched and Monitored Plaintiff Movements and that; Defendants actions violated Plaintiff's Privacy and Defendants with malicious intend to hurt Plaintiff that; Defendants **Denied Plaintiff's Equal protection** of the laws, and Equal privileges and Immunities Under the laws and the United States Constitution and State of Maryland.

202. Plaintiff brings Civil Action of Conspiracy Claims under Title 42 U.S.C. 1985 (3) against Defendants Above Captioned for Committing Acts of Conspiracy with malicious intend to hurt Plaintiff and to **Deny Plaintiff's Equal protection** of the laws, and Equal privileges and Immunities Under the laws and the United States Constitution because; Defendants in efforts to Implement and Enforce their Non-Sale of Federal Government Used Computer to Plaintiff's Organization (USF) that; Defendants Above Captioned Unlawfully Installed Monitoring Software on the Computer that Plaintiff was using that enabled Defendants to Remotely Track; Access; Search and Monitor Plaintiff Movements in real-time.

203. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT THIRTY-TWO (32)

### CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

204. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and three (203) of this Complaint as if fully Set forth herein.

205.     Plaintiff brings this Civil Claims of Conspiracy to commit Intentional Infliction of Emotional Distress upon Plaintiff against Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Agent Doe at NIH and Winston as described above was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

206.     The aforesaid conduct by Defendant Verizon Maryland Inc., was extreme and outrageous and beyond the bounds of decency in society.

207.     As a result of the aforesaid conduct and actions by Defendants Above Captioned Plaintiff have suffered, and will continue to suffer, severe and extreme emotional distress because Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston have continued to keep those **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC** which Defendants filed against Plaintiff and against Plaintiff's Organization (USF), which are pending at the United States District Court for District of Maryland Since October 21, 2008.

208.     As a result of the aforesaid conduct and actions by Defendants Above Captioned; Plaintiff have suffered, and will continue to suffer, severe and extreme emotional distress because Defendants Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Levinson; Agent Doe at NARA; Lieutenant Jensen; Agent Doe at NIH and Winston are keeping their criminal cases alive to terrify Plaintiff and that, Plaintiff has been kept in perpetual fear of uncertainty of those unending criminal cases against Plaintiff.

209.     WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendant Verizon Maryland Inc., in the amount of $13,000,000.00) in compensatory damages in the amount of fifteen (25, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper and just.

## COUNT THIRTY-THREE (33)

**CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO**
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST
GOVERNMENT'S ACTION OF "UNREASONABLE REMOTE SEARCHES
**OF PLAINTIFF'S COMPUTERS AND INVASION OF PLAINTIFF'S PRIVACY**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008
**(Violation Perpetrators Discovered from Ronald Dawkins'**
<u>**Affidavit Unsealed on September 23, 2016)**</u>

210.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through two-hundred and nine (209) of this Complaint as if fully Set forth herein.

211.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action of "Unreasonable Searches and Seizures and "**Invasion of Privacy**" and  that; Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment by **Installing Surveillance Equipment**  in the Plaintiff's School which was Parked at Plaintiff's School Premises with which Defendants were conducting **Surveillance on Plaintiff.**

212.    Defendants Above Captioned Committed Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause and that, Defendants "**Invaded Plaintiff's Privacy** by **Installing Surveillance Equipment** on Plaintiff's School Bus that was Parked at Plaintiff's School Premises at 6900 Cipriano Road Lanham, Maryland 201706 and that; Defendants did not obtain Court Order prior to **Installing Surveillance Equipment** on Plaintiff's School Bus.

213.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT THIRTY-FOUR (34)**

**CIVIL CLAIMS UNDER (42 U.S.C. SECTIONS 1983: PURSUANT TO**
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST
**GOVERNMENT'S ACTION OF WARRANTLESS SURVEILLANCE**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008
**(Violation Perpetrators Discovered from Ronald Dawkins'**
<u>**Affidavit Unsealed on September 23, 2016)**</u>

214. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and thirteen (213) of this Complaint as if fully Set forth herein.

215. Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection and Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment by **Conducting Warrantless Surveillance on Plaintiff by Installing Warrantless Surveillance Equipment** at the Plaintiff's School which was Parked at Plaintiff's School Premises at 6900 Cipriano Lanham, Maryland 20706 and that; Defendants were Conducting **Warrantless Surveillance** on Plaintiff between July 30, 2008 and October 15, 2008 and the Defendants' **Affidavit** confirms that: Defendants Conducted **Warrantless Surveillance on Plaintiff** and Defendants' **Affidavit** provides in pertinent part:

> On June 25, 2008 Special Agents from GSA-OIG, U.S. National Archives (NARA)- OIG, and NIH Police Detectives, executed a controlled direct-donation of excess computer equipment to Edokobi at the NARA warehouse located at 3301 Matelot Road, College Park, Maryland. During the operation, Edokobi arrived at the NARA warehouse driving a Budget rental truck accompanied by two Hispanic males later identified as Leonel Ramirez and Cruz Medina Macario. The donated computer equipment was loaded into the Budget rental truck. Edokobi signed the NARA transfer order and proceeded directly to 6900 Cipriano Road, Lanham, Maryland with the donated equipment where **a surveillance team observed Edokobi,** Ramirez, and Macario unload the donated equipment from the truck and transfer the items inside of the facility, inside of the garage, and behind the garage. Case 8:08-mj-03379-WGC Document 4 Filed 10/21/08 Page 16 of 51.

216. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT THIRTY-FIVE (35)

### CIVIL CLAIMS UNDER (42 U.S.C. SECTIONS 1983: PURSUANT TO FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST GOVERNMENT'S ACTION OF WARRANTLESS SURVEILLANCE

(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

52

Violation Occurred between October 16, 2008 and October 21, 2008
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

217.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through two-hundred and sixteen (216) of this Complaint as if fully Set forth herein.

218.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection and  Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment by **Conducting Warrantless Surveillance on Plaintiff and Defendants' Warrantless Surveillance Violated Plaintiff's Fourth Amendment Clause of Protection.**

219.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Collins; Horne; Levinson; Agent Doe at NARA; Lieutenant Jensen; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection, because between July 30, 2008 and October 15, 2008 that; Defendants conducted **Warrantless Surveillance on Plaintiff and that; Defendants actions of Warrantless Surveillance on Plaintiff violated Plaintiff's Fourth Amendment Clause of Protection.**

220.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT THIRTY-SIX (36)**

**CIVIL CLAIMS UNDER 42 U.S.C. SECTIONS 1983: PURSUANT TO**
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST
**GOVERNMENT'S ACTION OF WARRANTLESS SURVEILLANCE**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

221. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and twenty- (220) of this Complaint as if fully Set forth herein.

222. Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection and Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment by Conducting Warrantless Surveillance on Plaintiff.

223. Defendants have had to conduct Warrantless Surveillance on Plaintiff between July 30, 2008 and October 15, 2008 that; Plaintiff was under the intensive Defendants' Warrantless Surveillance on Plaintiff and that; Plaintiff did not commit any crime that would have provided Defendants the reason or reasons to conduct three (3) months Warrantless Surveillance on Plaintiff.

224. Defendants violated 50 U.S. Code § 1809 by conducting Warrantless Surveillance on Plaintiff 50 U.S. Code § 1809 provides in in pertinent part:

> "A person is guilty of an offense if he intentionally— (1) engages in electronic surveillance under color of law except as authorized by this chapter, chapter 119, 121, or 206 of title 18, or any express statutory authorization that is an additional exclusive means for conducting electronic surveillance under section 1812 of this title; (2) discloses or uses information obtained under color of law by electronic surveillance".

225. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT THIRTY-SEVEN (37)

### NEGLIGENCE – DAMAGE
**AGAINST DEFENDANTS INSTALLATION OF SURVEILLANCE**
**EQUIPMENT ON PLAINTIFF'S SCHOOL BUS**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

226.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and twenty-five (225) of this Complaint as if fully Set forth herein.

227.    Plaintiff brings this Civil Claims Negligence and Damage of Plaintiff's School Bus against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston, because Defendants with Prejudice and Animosity and in Defendants' Efforts to Install **Surveillance Equipment on Plaintiff's School Bus** that; Defendants Recklessly and Negligently Damaged Plaintiff's School Bus that Parked at Plaintiff's School at Plaintiff's School Premises at 6900 Cipriano Road Lanham, Maryland 20706.

228.    Plaintiff brings this Civil Claims Negligence and Damage of Plaintiff's School Bus against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston because Defendants with Prejudice and Animosity that, Defendants Installed **Surveillance Equipment on Plaintiff's School Bus** that; Destroyed the Twenty-four (24) Volt Alternator and Starter the Twenty-four (24) Battery for which Plaintiff's School Bus Not Disabled and that; Plaintiff's School was Useless.

229.    Plaintiff brings this Civil Claims Negligence and Damage of Plaintiff's School Bus against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; John Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston because Defendants with Prejudice and Animosity Damaged Plaintiff's School Bus by Installing **Surveillance Equipment on Plaintiff's School Bus that Destroyed the Vehicle** Alternator; **Starter and Battery.**

230.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT THIRTY-EIGHT (38)

### CIVIL CLAIMS UNDER (42 U.S.C. SECTIONS 1983: PURSUANT TO
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST
GOVERNMENT'S ACTION OF "UNREASONABLE REMOTE SEARCHES
OF PLAINTIFF'S COMPUTERS AND INVASION OF PLAINTIFF'S PRIVACY
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

231.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and thirty-one (230) of this Complaint as if fully Set forth herein.

232.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action of "Unreasonable Searches and Seizures and **"Invasion of Privacy"** and  that; Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment by Remotely Accessing and Searching Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Defendants Above Captioned Invaded Plaintiff's Privacy by Remotely Accessing and Searching Plaintiff's Private Computers.

233.    Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Above Captioned for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action of "Unreasonable Searches and Seizures and **"Invasion of Privacy"** and that; **Invasion of Privacy** is a tort based in common law allowing an aggrieved party to bring a lawsuit against an individual who unlawfully intrudes into his/her private affairs. (See U.S. Constitution. Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157 (U.S. 2004) and McBriety v. Baltimore, 219 Md. 223 (Md. 1959).

234.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT THIRTY-NINE (39)

### CIVIL CLAIMS UNDER (42 U.S.C. SECTIONS 1983: PURSUANT TO
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST
GOVERNMENT'S ACTION OF "UNREASONABLE REMOTE SEARCHES
**OF PLAINTIFF'S COMPUTERS AND INVASION OF PLAINTIFF'S PRIVACY**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

235.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and thirty-four (234) of this Complaint as if fully Set forth herein.

236.   Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson and Winston

237.   for Committing Acts, Under Color of Law to Deprive Plaintiff's Constitutional Rights Pursuant to Fourth Amendment Clause of Protection against Government's Action of "Unreasonable Searches and Seizures and **"Invasion of Privacy"** and that; Defendants with Prejudice and Animosity have Recklessly Violated Plaintiff's Constitutional Right of the Fourth Amendment by Remotely Accessing and Searching Plaintiff's Computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and that; Defendants Above Captioned **Invaded Plaintiff's Privacy** by Remotely Accessing and Searching Plaintiff's Private Computers that were connected to the Internet.

238.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the

amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY (40)

### CIVIL CLAIMS UNDER (42 U.S.C. SECTIONS 1983: PURSUANT TO
FOURTH AMENDMENT CLAUSE OF PROTECTION AGAINST
GOVERNMENT'S ACTION OF "UNREASONABLE REMOTE SEARCHES
**OF PLAINTIFF'S COMPUTERS AND INVASION OF PLAINTIFF'S PRIVACY**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

239.  Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and thirty-eight (238) of this Complaint as if fully Set forth herein.

240.  Plaintiff brings this Civil Claims under Title 42 U.S.C. Sections 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, for Committing Acts, Under Color of Law, of Violating of **Plaintiff's Right to Privacy: Invasion of Privacy** is the considered the Intrusion upon, or Revelation of, something private.

241.  See Huskey v. National Broadcasting Co., 632 F. Supp. 1282 (N.D. Ill. 1986). One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his/her private affairs or concerns, is subject to liability to the other for **Invasion of Privacy**. See Jackson v. Playboy Enterprises, Inc., 574 F. Supp. 10 (S.D. Ohio 1983). A government will be liable for an illegal intrusion by governmental officials. See McBriety v. Baltimore, 219 Md. 223 (Md. 1959). Defendants Violated Plaintiff's Right to Privacy and Defendants' Invasion of Privacy by Remotely Accessing and Searching Plaintiff's Computers that were connected to the Internet at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

242.  Defendants Above Captioned Conspired with each other against Plaintiff and with malicious intend to hurt Plaintiff and to **Deny Plaintiff's Equal protection** of the laws, and Equal privileges and

Immunities Under the laws and the United States Constitution and State of Maryland by **Invasion of Privacy through Warrantless Surveillance on Plaintiff that lasted between July 30, 2008 and October 15, 2008.**

243.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-ONE (41)

**CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY**
BY WHICH DEFENDANTS CONSPIRED WITH EACH OTHER TO VIOLATE
MARYLAND LAW **OF CIVIL CONSPIRACY BY INTRUSION**
**UPON OF PLAINTIFF'S SECLUSION**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

244.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and forty-three (243 of this Complaint as if fully Set forth herein.

245.    Plaintiff brings this Civil Claims of Violation of Maryland Law of Civil Conspiracy against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Conspiring with each other to Violate Maryland Law of Civil Conspiracy by Intrusion Upon Plaintiff's Seclusion by Remotely Accessing and Searching Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Service.

246.    Plaintiff brings this Civil Claims of Violation of Maryland Law of Civil Conspiracy against Defendants Above Captioned for conspiring with each other to Violate Maryland Law of Civil Conspiracy by Intrusion upon Seclusion of Plaintiff, which includes Invasion of Plaintiff's Privacy by Remotely Accessing and Searching Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Service between the Month July 30, 2008 and the October 15, 2008 and that; Plaintiff I Kept Calling Verizon to Report the Strange Activities in Plaintiff's Internet Service in Plaintiff's house and that; Verizon

Kept Telling Plaintiff  that; Plaintiff's DSL Internet Service was being tested for Verizon's FiOS Provisioning.

247.   Plaintiff asserts that, Intrusion upon Seclusion has been the basis of a cause of action in Maryland since it was recognized in *Carr v. Watkins*, 177 A.2d 841, 845 (Md. 1962). In 1969, the Court of Appeals of Maryland recognized that "four courses of conduct may give rise to a cause of action" including intrusion upon seclusion. See *Household Fin. Corp. v. Bridge*, 250 A.2d 878, 883 (Md. 1969).

248.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-TWO (42)

### CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY
BY WHICH DEFENDANTS CONSPIRED WITH EACH OTHER TO VIOLATE
MARYLAND LAW OF CIVIL CONSPIRACY BY
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

249.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and forty-eight (248) of this Complaint as if fully Set forth herein.

250.   Plaintiff brings this Civil Claims of Violation of Maryland Law of Civil Conspiracy against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Conspiring with each other to Violate Maryland Law of Civil Conspiracy by Intentional Infliction of Emotional Distress Upon Plaintiff by Remotely Accessed and Searched Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Service and that; Plaintiff was mentally and emotional distressed and paralyzed, because, Plaintiff did not know the People that were Remotely Accessed and Searched and that; Plaintiff could see

Files being siphoned from Plaintiff's computers that were connected to the Internet through Verizon DSL Internet Service at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854.

251.   Plaintiff brings this Civil Claims of Violation of Maryland Law of Civil Conspiracy against Defendants Above Captioned for Conspiring with each other to Violate Maryland Law of Civil Conspiracy by Intentional Infliction of Emotional Distress Upon Plaintiff because, between the Month July 30, 2008 and the Month October 15, 2008 that; Defendants Above Captioned were constantly remotely siphoned files from Plaintiff's computers and that; Plaintiff was highly mentally and emotionally distressed.

252.   Plaintiff by this action seeks declaratory relief, compensatory relief, punitive relief, property damage and monetary relief against Defendants Above Captioned for inflicting injury of intentional infliction of emotional distress, which Plaintiff had suffered, which is "inspired by fraud, malice, and like motives, and that, Mental suffering is a proper element of damage in Maryland. See *Dobbins* v. *WSSC*, 338 Md. 341, 346 n.2, 658 A. 2d 675, 677 n.2 (1995). Plaintiff by this action asserts that, in Maryland the tort of intentional infliction of emotional distress has been recognized in Maryland since 1977 when the Court of Special Appeals became "persuaded that the new tort, in a proper case, is viable in this State. See *Jones v. Harris*, 371 A.2d 1104, 1107 (Md. Ct. Spec. App. 1977) (citing Restatement (Second) of Torts § 46 (1965)). Plaintiff further asserts that; State of Maryland recognizes the tort of intentional infliction of emotional distress. See *Reagan* v. *Rider*, 70 Md. App. 503, 521 A.2d 1246 (1987) and *Hamilton* v. *Ford Motor Credit* Co., 66 Md. App. 46, 502 A.2d 1057 (1986).

253.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT FORTY-THREE (43)**

CIVIL CLAIMS UNDER TITLE 42 U.S.C. 1983 PURSUANT TO
**DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**
FOR DEFENDANTS FALSELY ALLEGED
**"THEFT OF GOVERNMENT PROPERTY AGAINST PLAINTIFF"**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

254.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and fifty-three (253) of this Complaint as if fully Set forth herein.

255.   Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero;; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to Due Process and Equal of Protection Clause of the Fourteenth Amendment and that; Defendants have Falsely Alleged **"Theft of Government Property Against Plaintiff"** and that; Defendants Did Not Provide Plaintiff the Opportunity to provide his own defense whereby Defendants have intentionally Denied Plaintiff's Due Process Clause and Equal Protection of the Law of the Fourteenth Amendment in the allegation of **"Theft of Government Property Against Plaintiff"** which Defendants have brought against Plaintiff and against Plaintiff's Organization USF.

256.   Defendants have Falsely Alleged of **"Theft of Government Property Against Plaintiff"** as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization USF which are still active and pending at the United States District Court for District of Maryland Since October 21, 2008.

257.   Defendants Acted Under Color of Law by which Defendants with malicious intend to hurt Plaintiff to which Defendants Denied Plaintiff's Due Process and Equal Protection of the Laws of the Fourteenth Amendment for which Plaintiff is not given the opportunity to provide his own defense in the Defendants' False Allegation of **"Theft of Government Property Against Plaintiff"** and that; Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damages and monetary relief against the Defendants under the Due Process and Equal of Protection Clause of the Fourteenth Amendment.

258.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the

amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-FOUR (44)

**CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY**
FOR DEFENDANTS' FAILURE TO CONDUCT DUE DILIGENCE
ON PROBABLE CAUSE PRIOR TO FALSELY ALLEGING OF
**"THEFT OF GOVERNMENT PROPERTY" AGAINST PLAINTIFF**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

259.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and fifty-eight (258) of this Complaint as if fully Set forth herein.

260.    Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprive Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process Clause of The Fourteenth Amendment** to the United States Constitution because; Defendants Above Captioned have **Falsely Alleged Theft of Government Property Against Plaintiff** As Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still Pending at the U.S. District Court for District of Maryland Since October 21, 2008.

261.    Defendants Acted Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process Clause of the Fourteenth Amendment,** because Defendants **Above Captioned Recklessly Falsely Alleged Theft Of Government Property Against Plaintiff** and that, Defendants Above Captioned Filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and Plaintiff's Organization (USF) Without Any Creditable Evidence to Support  Defendant's False Allegation of **Theft of Government Property Against Plaintiff.**

63

262. Defendants Acted Under Color of Law by which Defendants Conspired with each other to Deprive Plaintiff's Rights and Privileges and Equal Protections of Laws Pursuant to **Due Process Clause of the Fourteenth Amendment** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007) and Damazo v. Wahby, 259 Md. 627 (1970).

263. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-FIVE (45)

**CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY**
FOR DEFENDANTS' FAILURE TO CONDUCT DUE DILIGENCE
ON PROBABLE CAUSE PRIOR TO FALSELY ALLEGING OF
**"THEFT OF GOVERNMENT PROPERTY" AGAINST PLAINTIFF**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

264. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and sixty-three (263) of this Complaint as if fully Set forth herein.

265. Plaintiff brings this Civil Claims of Violation of Maryland Law of Civil Conspiracy against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Conspiring with each other to Violate Maryland Law of Civil Conspiracy by Defendants' Failure to Conduct Due Diligence on **Probable Cause** Prior to Falsely **Alleged Theft of Government Property against Plaintiff** for which Defendants Filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and against Plaintiff's Organization USF and that those Criminal Cases are still Active and Pending at the United States District Court for the District of Maryland Since October 21, 2008.

64

266. Defendants Above Captioned Violated Maryland Law of Civil Conspiracy, because Defendants Conspired with each other to initiate Criminal Actions Against Plaintiff and Plaintiff's Organization (USF) by Falsely Alleged **Theft of Government Property against Plaintiff** for which Defendants Filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and against Plaintiff's Organization USF and that; Defendants' Action amount to Gross Negligence, Willful and Reckless Negligence and Negligence Acceptance.

267. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-SIX (46)

### CIVIL CLAIMS OF DEFAMATION AND MALICE
### AGAINST DEFENDANTS' FALSE ALLEGATION OF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

268. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and sixty-seven (267) of this Complaint as if fully Set forth herein.

269. Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Making Defamatory Statements to Third Parties Regarding Plaintiff Emmanuel Edokobi by Falsely Alleged **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF and as a result; Defendants have filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and against Plaintiff's Organization USF at the United States District Court for the District of Maryland.

270. Defendants Above Captioned made False Allegation of **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF and Defendants' Allegation is Defamatory in the word itself impute the Defamatory Character on Plaintiff who is a Pastor of Pentecostal Church.

65

Defendants Above Captioned made False Allegation of **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF with malice.

271.   Defendants are legally at fault in making False Allegation of **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF is false. Defendants Above Captioned made False Allegation of **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF was made with malice and with intent to hurt Plaintiff's reputation in the community.

272.   Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

273.   Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as an Ordained Pastor.

274.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-SEVEN (47)

### CIVIL CLAIMS OF DEFAMATION AND NEGLIGENCE
### AGAINST DEFENDANTS' FALSE ALLEGATION OF
### "THEFT OF GOVERNMENT PROPERTY" AGAINST PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

275.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and seventy-four (274) of this Complaint as if fully Set forth herein.

276.   Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' Actions of Alleging **Theft of Government Property against Plaintiff**. The damages include out-of-pocket losses as well as non-economic damages.

277.   Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community as a Pastor and loss of employment, personal humiliation, mental anguish, and suffering.

278.   Defendants Above Captioned made defamatory statements to third parties regarding Plaintiff Emmanuel Edokobi by Falsely Alleged of **Theft of Government Property against Plaintiff** and against Plaintiff's Organization USF and; because of the **Theft of Government Property against Plaintiff;** Defendants have filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and against Plaintiff's Organization USF which are still active and pending at the United States District Court for the District of Maryland Since October 21, 2008.

279.   Defendants Above Captioned made False Allegation of **Theft of Government Property against Plaintiff** and against Plaintiff's Organization USF and Defendants' Allegation is Defamatory in the word itself impute the Defamatory Character on Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ and an Associate Pastor of Faith Assembly Church of God Incorporated.

280.   Defendants Above Captioned made False Allegation of **Theft of Government Property against Plaintiff** and against Plaintiff's Organization USF with malice.

281.   Defendants are legally at fault in making False Allegation of **Theft of Government Property against Plaintiff** and against Plaintiff's Organization USF is false. Defendants Above Captioned made False Allegation of **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF was made with malice and with intent to hurt Plaintiff's reputation in the community who is an Ordained Pastor and Founder of All Believers' Church of Christ.

282.   Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

283.   Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as an Ordained Pastor.

284.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-EIGHT (48)

### CONSPIRACY TO COMMIT DEFAMATION WITH MALICE
### AGAINST DEFENDANTS' FALSE ALLEGATION OF
### "THEFT OF GOVERNMENT PROPERTY" AGAINST PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

285.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and eighty-four (284 of this Complaint as if fully Set forth herein.

286.    As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Conspired with each other and Falsely Alleged **Theft of Government Property against Plaintiff** which is a Defamatory Statement to third parties regarding Plaintiff Emmanuel Edokobi and that; Defendants with Malice Filed a Criminal Case of **Theft of Government Property against Plaintiff** with **Criminal Cases #8:08-mj-03379-WGC** at the United States District Court for the District of Maryland which is still active and pending since October 21, 2008.

287.    Defendants Above Captioned made False Allegation of **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF and that; Defendants' Allegation is Defamatory in the word itself which imputes the Defamatory Character on Plaintiff Emmanuel Edokobi who is the Founder and Pastor of All Believers' Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God Incorporated.

288.    Defendants' False Allegation of **Theft of Government Property** against Plaintiff was made with Malice and with intent to hurt Plaintiff.

289.    Defendants' False Allegation of Theft of Government Property against Plaintiff was False.

290.    Defendants are legally at Fault in Making the Allegation of Theft of Property against Plaintiff.

291.    Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

292. Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered is the Founder and Pastor of All Believers' Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God Incorporated.

293. Defendants Conspired with each other and Falsely Alleged the **Theft of Government Property against Plaintiff** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007); Damazo v. Wahby, 259 Md. 627 (1970) and Green v. Washington Suburban Sanitary Comm'n, 259 Md. 206, 221 (1970)).

294. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FORTY-NINE (49)

### CONSPIRACY TO COMMIT DEFAMATION WITH MALICE
### AGAINST DEFENDANTS' FALSE ALLEGATION OF
### "THEFT OF GOVERNMENT PROPERTY" AGAINST PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

295. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through two-hundred and ninety-for (294) of this Complaint as if fully Set forth herein.

296. As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Conspired with each other and Falsely Alleged **Theft of Government Property** against Plaintiff which is a Defamatory Statement to third parties regarding Plaintiff Emmanuel Edokobi and that; Defendants with Malice Filed a Criminal Case of **Theft of Government Property** against Plaintiff with **Criminal Cases**

**#8:08-mj-03379-WGC** at the United States District Court for the District of Maryland which is still active and pending since October 21, 2008.

297.    Defendants Above Captioned made False Allegation of **Theft of Government Property** against Plaintiff and against Plaintiff's Organization USF and that; Defendants' Allegation is Defamatory in the word itself which imputes the Defamatory Character on Plaintiff Emmanuel Edokobi who is an Ordained Pastor and Founder of All Believers' Church of Christ.

298.    Defendants' False Allegation of **Theft of Government Property** against Plaintiff Emmanuel Edokobi was made negligently.

299.    Defendants' False Allegation of Theft of Government Property against Plaintiff was made with Malice and with intent to hurt Plaintiff.

300.    Defendants' False Allegation of Theft of Government Property against Plaintiff was False.

301.    Defendants are legally at Fault in Making the Allegation of Theft of Property against Plaintiff.

302.    Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages. Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as an Ordained Pastor and Founder of All Believes' Church of Christ.

303.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FIFTY (50)

### CONSPIRACY TO COMMIT INVASION OF PRIVACY AND NEGLIGENCE
### AGAINST DEFENDANTS' FALSE ALLEGATION OF
### "THEFT OF GOVERNMENT PROPERTY" AGAINST PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

70

304.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and three (303) of this Complaint as if fully Set forth herein.

305.    As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, because Defendants Conspired with each other and Falsely Alleged **Theft of Government Property against Plaintiff** and with the Conspiracy Defendants Obtained Search Warrants with which Defendants Publicly Searched Plaintiff's Private House at 2005 Stratton Road Potomac, Maryland 20854 and Plaintiff's Private Office at 6900 Cipriano Road Lanham, Maryland 20706 on Thursday October 21, 2008.

306.    Defendants Above Captioned had knowledge of and acted in reckless disregard as to impact that; those Searches and Seizures Operations would have on Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ.

307.    Defendants Conspired with each other and Falsely Alleged the **Theft of Government Property against Plaintiff** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007); Damazo v. Wahby, 259 Md. 627 (1970) and Green v. Washington Suburban Sanitary Comm'n, 259 Md. 206, 221 (1970)).

308.    Defendants Above Captioned were well- aware of the negative impact of those Searches and Seizures on Plaintiff and that; Defendants' were aware that; their Searches and Seizures Operations at Plaintiff's House and Office would be highly offensive to a reasonable person.

309.    Defendants Above Captioned conducted their Searches and Seizures at Plaintiff's House and Office on the False Allegation of **Theft of Government Property against Plaintiff** and that; Defendants allegation of **Theft Government Property** against Plaintiff was False.

310.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT FIFTY-ONE (51)**

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
TO DEPRIVE PLAINTIFF'S RIGHTS AND PRIVILEGES AND PROTECTIONS
**PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

311.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and ten (310) of this Complaint as if fully Set forth herein.

312.   Plaintiff brings this Civil Action under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, for Committing Acts, Under Color of Law by Depriving Plaintiffs Constitutional Rights to **Sixth Amendments' Clauses** Act of 1974 Clause of **"Speedy and Public Trial"** because Defendants have Failed to bring Charge of the Alleged **Theft of Government Property Against Plaintiff** for which Defendants Filed these **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and against Plaintiff's Organization USF and those Criminal Cases are still active and Pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

313.   Defendants' Failure to bring Charge of the Alleged **Theft of Government Property Against Plaintiff** has made Plaintiff to continue to live in Constant Anxiety and Constant Fear of Uncertainty, and that; Plaintiff's Fate Continues to Hang in the Balance.

314.   Plaintiff by this Civil Action asserts that; the Sixth Amendment to the U.S. Constitution affords criminal defendants seven discrete personal liberties: (1) the right to a Speedy Trial; (2) the right to a public trial; (3) the right to an impartial jury; (4) the right to be informed of pending charges; (5) the right to confront and to cross-examine adverse witnesses; (6) the right to compel favorable witnesses to testify at trial through the subpoena power of the judiciary; and (7) the right to legal counsel. Ratified in 1791, the Sixth Amendment originally applied only to criminal actions brought by the federal government.

315.    Defendants with prejudice and animosity recklessly violated Plaintiff's Constitutional Right of **Speedy Trial as Shrined in the Sixth Amendment** to the United States Constitution and Sixth Amendment provides in pertinent part as follows:

> "The Sixth Amendment to the U.S. Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the Right to a Speedy and Public Trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, And to be Informed of the Nature and Cause of the Accusation; to be Confronted with the Witnesses against Him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense".

316.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants for their Non-Prosecution of these Criminal Cases #8:08-mj-03379-WGC and # 8:08-mj-03380-WGC which Defendants Filed against Plaintiff and those Criminal Case are still active and Pending at the United States District for the District of Maryland Court Since October 21, 2008.

317.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FIFTY-TWO (52)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW TO DEPRIVE PLAINTIFF'S RIGHTS AND PRIVILEGES AND PROTECTIONS **PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

318.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and nineteen (319) of this Complaint as if fully Set forth herein.

319.    As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Acted, Under Color of Law by Depriving Plaintiffs Constitutional Rights to Sixth Amendments' Clauses Act of 1974 Clause of "**Speedy and Public Trial**" because Defendants have Failed to bring Charge of the Alleged **Theft of Government Property Against Plaintiff** for which Defendants Filed   these

**Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and against Plaintiff's Organization USF and those Criminal Cases are still active and Pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

320.   Defendants' Failure to Close the Charge of the Alleged **Theft of Government Property Against Plaintiff** has made it impossible for Plaintiff to Travel Out Of The United States Of America, because Plaintiff has been advised that Defendants are Waiting for Plaintiff to Travel Out of the United States of America so that; Defendants will go to United States District Court for the District of Maryland to Obtain Warrant of Arrest on Plaintiff Pursuant to **18 U.S.C. Section 1073 (1) (2)** provides in pertinent part:

> "Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of an offense punishable by death or which is a felony under the laws of such place, is charged".

321.   Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants because Defendants have failed to prosecute their Alleged "**Theft of Government Property against Plaintiff** and that Defendants have refused to **Close** those **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** that; Defendants Filed against Plaintiff and against Plaintiff's Organization (USF) and those Criminal Cases are still active and pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

322.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FIFTY-THREE (53)

CIVIL CLAIMS UNDER TITLE 42 U.S.C. 1983 PURSUANT TO
**DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**
AGAINST DEFENDANTS' FALSE ALLEGATION OF
**"ATTEMPT TO EVADE OR DEFEAT TAX AGAINST PLAINTIFF"**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

323.  Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and twenty-two (322) of this Complaint as if fully Set forth herein.

324.  Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to Due Process and Equal of Protection Clause of the Fourteenth Amendment and that; Defendants have Falsely Alleged **"Attempt to Evade Or Defeat Tax"** against Plaintiff and that; Defendants Did Not Provide Plaintiff the Opportunity to provide his own defense whereby Denying Plaintiff's Due Process and Equal Protect of Law under the Fourteenth Amendment.

325.  Defendants have Falsely Alleged of **"Attempt to Evade Or Defeat Tax** against Plaintiff as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still active and pending at the United States District Court for District of Maryland Since October 21, 2008.

326.  Defendants Acted Under Color of Law by which Defendants' with malicious intend to hurt Plaintiff to which Defendants Denied Plaintiff's Due Process and Equal Protection of the Laws for which Plaintiff is not given the opportunity to provide his own defense in the Defendants' False Allegation of **Attempt to Evade Or Defeat Tax** against Plaintiff and that; Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damages and monetary relief against the Defendants under the Due Process and Equal of Protection Clause of the Fourteenth Amendment.

327.  WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

COUNT FIFTY-FOUR (54)

CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY
FOR DEFENDANTS' FAILURE TO CONDUCT DUE DILIGENCE
ON PROBABLE CAUSE PRIOR TO FALSELY ALLEGING OF
**"ATTEMPT TO EVADE OR DEFEAT TAX AGAINST PLAINTIFF"**
(Against Hargan; Ferriero; Collins; Horne; Levinson; Agent Doe at NARA; Lieutenant Jensen;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

328.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and twenty-seven (327) of this Complaint as if fully Set forth herein.

329.    Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to Due Process and Equal of Protection Clause of the Fourteenth Amendment to because; Defendants have Falsely Alleged **"Attempt To Evade Or Defeat Tax** against Plaintiff and that; Plaintiff was not given any opportunity to provide his own defense.

330.    Defendants Conspired with each other and Falsely Alleged the **"Attempt To Evade Or Defeat Tax against Plaintiff** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007); Damazo v. Wahby, 259 Md. 627 (1970) and Green v. Washington Suburban Sanitary Comm'n, 259 Md. 206, 221 (1970)).

331.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT FIFTY-FIVE (55)**

**CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY**
FOR DEFENDANTS' FAILURE TO CONDUCT DUE DILIGENCE
ON PROBABLE CAUSE PRIOR TO FALSELY ALLEGING OF
**"ATTEMPT TO EVADE OR DEFEAT TAX AGAINST PLAINTIFF"**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

332.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and thirty-one (331) of this Complaint as if fully Set forth herein.

333.   As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Conspired with each other and Falsely Alleged **"Attempt To Evade Or Defeat Tax"** against Plaintiff which is a Defamatory Statement to third parties regarding Plaintiff Emmanuel Edokobi and that; Defendants with prejudice and animosity Filed a **Criminal Case of "Attempt To Evade Or Defeat Tax"** against Plaintiff with **Criminal Cases #8:08-mj-03379-WGC** at the United States District Court for the District of Maryland which is still active and pending since October 21, 2008.

334.   Defendants' False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff Emmanuel Edokobi was made negligently.

335.   Defendants' False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff was made with Malice and with intent to hurt Plaintiff.

336.   Defendants' False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff was False and was made with Malice.

337.   Defendants are legally at Fault in Making the Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff. Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages. Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss

of employment, personal humiliation, mental anguish, and suffered as an Ordained Pastor and Founder of All Believers' Church of Christ.

338.    Defendants Acted Under Color of Law by which Defendants Conspired with each other to Deprive Plaintiff's Rights and Privileges and Equal Protection of the Law Pursuant to **Due Process Clause of the Fourteenth Amendment of the United Stated of America.**

339.    Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007) and Damazo v. Wahby, 259 Md. 627 (1970).

340.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FIFTY-SIX (56)

### CIVIL CLAIMS OF DEFAMATION AND MALICE AGAINST DEFENDANTS' FALSE ALLEGATION OF "ATTEMPT TO EVADE OR DEFEAT TAX" AGAINST PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins' Affidavit Unsealed on September 23, 2016)**

341.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and forty (340) of this Complaint as if fully Set forth herein.

342.    Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Making Defamatory Statements to Third Parties Regarding Plaintiff Emmanuel Edokobi by Falsely Alleged **"Attempt to Evade Or Defeat Tax" against Plaintiff** and against Plaintiff's Organization USF and as a result; Defendants have filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**

against Plaintiff and against Plaintiff's Organization USF at the United States District Court for the District of Maryland.

343.   Defendants Above Captioned made False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff and against Plaintiff's Organization USF and Defendants' Allegation is Defamatory in the word itself impute the Defamatory Character on Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ. Defendants Above Captioned made False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff and against Plaintiff's Organization USF with malice.

344.   Defendants are legally at fault in making False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff and against Plaintiff's Organization USF is false. Defendants Above Captioned made False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff and against Plaintiff's Organization USF was made with malice and with intent to hurt Plaintiff's reputation in the community.

345.   Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

346.   Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as the Founder and Pastor of All Believer's Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God Incorporated.

347.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT FIFTY-SEVEN (57)**

**CIVIL CLAIMS OF DEFAMATION AND NEGLIGENCE
AGAINST DEFENDANTS' FALSE ALLEGATION OF
"ATTEMPT TO EVADE OR DEFEAT TAX" AGAINST PLAINTIFF**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

348.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and forty-seven (347) of this Complaint as if fully Set forth herein.

349.   Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' Actions of Alleging **Theft of Government Property against Plaintiff**. The damages include out-of-pocket losses as well as non-economic damages.

350.   Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community as the Pastor and Founder of All Believers Church of Christ and loss of employment, personal humiliation, mental anguish, and suffering.

351.   Defendants Above Captioned made defamatory statements to third parties regarding Plaintiff Emmanuel Edokobi by Falsely Alleged of **"Attempt to Evade Or Defeat Tax" against Plaintiff** and against Plaintiff's Organization USF and; because of the **"Attempt to Evade Or Defeat Tax" against Plaintiff**; Defendants have filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and against Plaintiff's Organization USF which are still active and pending at the United States District Court for the District of Maryland Since October 21, 2008.

352.   Defendants Above Captioned made False Allegation of **"Attempt to Evade Or Defeat Tax" against Plaintiff** and against Plaintiff's Organization USF and Defendants' Allegation is Defamatory in the word itself impute the Defamatory Character on Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ.

353.   Defendants Above Captioned made False Allegation of **"Attempt to Evade Or Defeat Tax" against Plaintiff** and against Plaintiff's Organization USF with malice.

354.   Defendants are legally at fault in making False Allegation of **"Attempt to Evade Or Defeat Tax" Property against Plaintiff** and against Plaintiff's Organization USF is false. Defendants Above Captioned made False Allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff and against Plaintiff's Organization USF was made with malice and with intent to hurt Plaintiff's reputation in the community who is an Ordained Pastor and Founder of All Believers' Church of Christ.

355.   Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

356.   Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the

community, loss of employment, personal humiliation, mental anguish, and suffered as the Founder and Pastor of All Believer's Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God Incorporated.

357.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FIFTY-EIGHT (58)

### CONSPIRACY TO COMMIT INVASION OF PRIVACY AND NEGLIGENCE AGAINST DEFENDANTS' FALSE ALLEGATION OF "ATTEMPT TO EVADE OR DEFEAT TAX" AGAINST PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins' Affidavit Unsealed on September 23, 2016)**

358.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and fifty-seven (357) of this Complaint as if fully Set forth herein.

359.   As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, because Defendants Conspired with each other and Falsely Alleged **"Attempt to Evade Or Defeat Tax" against Plaintiff** and with the Conspiracy Defendants Obtained Search Warrants with which Defendants Publicly Searched Plaintiff's Private House at 2005 Stratton Road Potomac, Maryland 20854 and Plaintiff's Private Office at 6900 Cipriano Road Lanham, Maryland 20706 on Thursday October 21, 2008.

360.   Defendants Above Captioned had knowledge of and acted in reckless disregard as to impact that; those Searches and Seizures Operations would have on Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ.

361.   Defendants Conspired with each other and Falsely Alleged the **"Attempt to Evade Or Defeat Tax" against Plaintiff** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to

perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007); Damazo v. Wahby, 259 Md. 627 (1970) and Green v. Washington Suburban Sanitary Comm'n, 259 Md. 206, 221 (1970)).

362.    Defendants Above Captioned were well- aware of the negative impact of those Searches and Seizures on Plaintiff and that; Defendants' were aware that; their Searches and Seizures Operations at Plaintiff's House and Office would be highly offensive to a reasonable person.

363.    Defendants Above Captioned conducted their Searches and Seizures at Plaintiff's House and Office on the False Allegation of **"Attempt to Evade Or Defeat Tax" against Plaintiff** and that; Defendants allegation of **"Attempt to Evade Or Defeat Tax"** against Plaintiff was False.

364.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT FIFTY-NINE (59)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
**PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

365.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and sixty-four (364) of this Complaint as if fully Set forth herein.

366.    Plaintiff brings this Civil Action under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, for Committing Acts, Under Color of Law by Depriving Plaintiffs Constitutional Rights to **Sixth Amendments' Clauses** Act of 1974 Clause of **"Speedy and Public Trial"** because Defendants have Failed to bring Charge of the Alleged **"Attempt to Evade Or Defeat Tax" Against Plaintiff** for which Defendants Filed these **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and against Plaintiff's Organization USF and those Criminal

82

Cases are still active and Pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

367.    Defendants' Failure to bring Charge of the Alleged **"Attempt to Evade Or Defeat Tax" Against Plaintiff** has made Plaintiff to continue to live in Constant Anxiety and Constant Fear of Uncertainty, and that; Plaintiff's Fate Continues to Hang in the Balance.

368.    Plaintiff by this Civil Action asserts that; the Sixth Amendment to the U.S. Constitution affords criminal defendants seven discrete personal liberties: (1) the right to a Speedy Trial; (2) the right to a public trial; (3) the right to an impartial jury; (4) the right to be informed of pending charges; (5) the right to confront and to cross-examine adverse witnesses; (6) the right to compel favorable witnesses to testify at trial through the subpoena power of the judiciary; and (7) the right to legal counsel. Ratified in 1791, the Sixth Amendment originally applied only to criminal actions brought by the federal government.

369.    Defendants with prejudice and animosity recklessly violated Plaintiff's Constitutional Right of **Speedy Trial as Shrined in the Sixth Amendment** to the U.S. Constitution and Sixth Amendment provides in pertinent part as follows:

> "The Sixth Amendment to the U.S. Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the Right to a Speedy and Public Trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, And to be Informed of the Nature and Cause of the Accusation; to be Confronted with the Witnesses against Him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense".

370.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants for their Non-Prosecution of these Criminal Cases #8:08-mj-03379-WGC and # 8:08-mj-03380-WGC which Defendants Filed against Plaintiff and those Criminal Case are still active and Pending at the United States District for the District of Maryland Court Since October 21, 2008.

371.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SIXTY (60)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
**PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

372.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and seventy-one (371) of this Complaint as if fully Set forth herein.

373.    As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston  Acted, Under Color of Law by Depriving Plaintiffs Constitutional Rights to Sixth Amendments' Clauses Act of 1974 Clause of **"Speedy and Public Trial"** because Defendants have Failed to bring Charge of the Alleged **"Attempt to Evade Or Defeat Tax"**  **Against Plaintiff** for which Defendants Filed  these **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and against Plaintiff's Organization USF and those Criminal Cases are still active and Pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

374.    Defendants' Failure to Close the Charge of the Alleged **"Attempt to Evade Or Defeat Tax"** **Against Plaintiff** has made it impossible for Plaintiff to Travel Out Of The United States Of America, because Plaintiff has been advised that Defendants are Waiting for Plaintiff to Travel Out of the United States of America so that; Defendants will go to United States District Court for the District of Maryland to Obtain Warrant of Arrest on Plaintiff Pursuant to **18 U.S.C. Section 1073 (1) (2)** provides in pertinent part:

> "Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of an offense punishable by death or which is a felony under the laws of such place, is charged".

375.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants because Defendants have failed to prosecute their Alleged **"Attempt to Evade Or Defeat Tax" against Plaintiff** and that Defendants have refused to **Close** those **Criminal Cases**

84

**#: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** that; Defendants Filed against Plaintiff and against Plaintiff's Organization (USF) and those Criminal Cases are still active and pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

376.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT SIXTY-ONE (61)

CIVIL CLAIMS UNDER TITLE 42 U.S.C. 1983 PURSUANT TO
**DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**
AGAINST DEFENDANTS' FALSE ALLEGATION OF
**"FRAUD AND FALSE STATEMENTS AGAINST PLAINTIFF"**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

377.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and seventy-six (376) of this Complaint as if fully Set forth herein.

378.    Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to Due Process and Equal of Protection Clause of the Fourteenth Amendment and that; Defendants have Falsely Alleged **"Fraud and False statements" against Plaintiff** and that; Defendants <u>Did Not Provide</u> Plaintiff the Opportunity to provide his own defense whereby Denying Plaintiff's Due Process and Equal Protect of Law under the Fourteenth Amendment.

379.    Defendants have Falsely Alleged of **"Fraud and False statements" against Plaintiff** as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**, that; Defendants Filed against

85

Plaintiff and Plaintiff's Organization (USF) which are still active and pending at the United States District Court for District of Maryland Since October 21, 2008.

380. Defendants Acted Under Color of Law by which Defendants with malicious intend to hurt Plaintiff to which Defendants Denied Plaintiff's Due Process and Equal Protection of the Laws for which Plaintiff is not given the opportunity to provide his own defense in the Defendants' False Allegation of **"Fraud and False statements" against Plaintiff** and that; Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damages and monetary relief against the Defendants under the Due Process and Equal of Protection Clause of the Fourteenth Amendment.

381. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SIXTY-TWO (62)

**CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY**
FOR DEFENDANTS' FAILURE TO CONDUCT DUE DILIGENCE
ON PROBABLE CAUSE PRIOR TO FALSELY ALLEGING OF
**"FRAUD AND FALSE STATEMENTS" AGAINST PLAINTIFF**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

382. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and eighty-one (381) of this Complaint as if fully Set forth herein.

383. Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process Clause of The Fourteenth Amendment** to the United States Constitution because; Defendants Above Captioned have alleged **"Fraud and False statements"** against Plaintiff as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-**

**03379-WGC** and **#8:08-mj-03380-WGC,** that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still Pending at the U.S. District Court for District of Maryland Since October 21, 2008.

384.    Defendants Acted Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process Clause of the Fourteenth Amendment,** because Defendants **Above Captioned Recklessly Falsely Alleged "Fraud and False statements"** against **Plaintiff** and that, Defendants Above Captioned Filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and Plaintiff's Organization (USF) Without Any Creditable Evidence to Support Defendant's False Allegation of **"Fraud and False statements" against Plaintiff.**

385.    Defendants Acted Under Color of Law by which Defendants Conspired with each other to Deprive Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process Clause of the Fourteenth Amendment** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007) and Damazo v. Wahby, 259 Md. 627 (1970).

386.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT SIXTY-THREE (63)**

**CIVIL CLAIMS OF DEFAMATION AND MALICE
AGAINST DEFENDANTS' FALSE ALLEGATION OF
"FRAUD AND FALSE STATEMENTS" AGAINST PLAINTIFF**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

387.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and eighty-six (386) of this Complaint as if fully Set forth herein.

87

388.   Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Making Defamatory Statements to Third Parties Regarding Plaintiff Emmanuel Edokobi by Falsely Alleged **"Fraud and False statements"** against Plaintiff and against Plaintiff's Organization USF and as a result; Defendants have filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and against Plaintiff's Organization USF at the United States District Court for the District of Maryland.

389.   Defendants Above Captioned made False Allegation of **"Fraud and False statements"** against Plaintiff and against Plaintiff's Organization USF and Defendants' Allegation is Defamatory in the word itself impute the Defamatory Character on Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ. Defendants Above Captioned made False Allegation of **"Fraud and False statements"** against Plaintiff and against Plaintiff's Organization USF with malice.

390.   Defendants are legally at fault in making False Allegation of **"Fraud and False statements"** against Plaintiff and against Plaintiff's Organization USF is false.

391.   Defendants Above Captioned made False Allegation of **"Fraud and False statements"** against Plaintiff and against Plaintiff's Organization USF was made with malice and with intent to hurt Plaintiff's reputation in the community who is an Ordained Pastor and Founder of All Believers' Church of Christ and Co-Founder and Associate Pastor of Faith Assembly of God Incorporated.

392.   Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

393.   Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as the Founder and Pastor of All Believer's Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God Incorporated.

394.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

88

**COUNT SIXTY-FOUR (64)**

CIVIL CLAIMS UNDER TITLE 42 U.S.C. 1983 PURSUANT TO
**DUE PROCESS AND EQUAL PROTECTIONS CLAUSE OF THE FOURTEENTH AMENDMENT** AGAINST DEFENDANTS' FALSE ALLEGATION OF
**"CONSPIRACY TO DEFRAUD THE UNITED STATES" AGAINST PLAINTIFF"**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

395.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and ninety-four (394) of this Complaint as if fully Set forth herein.

396.    Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to Due Process and Equal of Protection Clause of the Fourteenth Amendment and that; Defendants have Falsely Alleged **Conspiracy To Defraud The United States"** against Plaintiff and that; Defendants <u>Did Not Provide</u> Plaintiff the Opportunity to provide his own defense whereby Denying Plaintiff's Due Process and Equal Protect of Law under the Fourteenth Amendment.

397.    Defendants have Falsely Alleged of **Conspiracy To Defraud The United States"** against Plaintiff as Documented in the Defendants' Affidavit in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still active and pending at the United States District Court for District of Maryland Since October 21, 2008.

398.    Defendants Acted Under Color of Law by which Defendants with malicious intend to hurt Plaintiff to which Defendants Denied Plaintiff's Due Process and Equal Protection of the Laws for which Plaintiff is not given the opportunity to provide his own defense in the Defendants' False Allegation of **"Conspiracy To Defraud The United States"** against Plaintiff and that; Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damages and monetary relief against the Defendants under the Due Process and Equal of Protection Clause of the Fourteenth Amendment.

399.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SIXTY-FIVE (65)

### CONSPIRACY TO COMMIT DEFAMATION WITH MALICE AGAINST DEFENDANTS' FALSE ALLEGATION OF "CONSPIRACY TO DEFRAUD THE UNITED STATES" AGAINST PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

400.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through three-hundred and ninety-nine (399) of this Complaint as if fully Set forth herein.

401.   As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Conspired with each other and Falsely Alleged of **"Conspiracy To Defraud The United States"** against Plaintiff which is a Defamatory Statement to third parties regarding Plaintiff Emmanuel Edokobi and that; Defendants with Malice Filed a Criminal Case of **"Conspiracy To Defraud The United States"** against Plaintiff with **Criminal Cases #8:08-mj-03379-WGC** at the United States District Court for the District of Maryland which is still active and pending since October 21, 2008.

402.   Defendants Above Captioned made False Allegation of **"Conspiracy To Defraud The United States"** against Plaintiff and against Plaintiff's Organization USF and that; Defendants' Allegation is Defamatory in the word itself which imputes the Defamatory Character on Plaintiff Emmanuel Edokobi who is an Ordained Pastor and Founder of All Believers' Church of Christ.

403.   Defendants' False Allegation of **"Conspiracy To Defraud The United States"** against Plaintiff Emmanuel Edokobi was made negligently.

404.   Defendants' False Allegation of **"Conspiracy To Defraud The United States"** against Plaintiff was made with Malice and with intent to hurt Plaintiff.

405. Defendants' False Allegation of "**Conspiracy To Defraud The United States**" against Plaintiff was False.

406. Defendants are legally at Fault in Making the Allegation of "**Conspiracy To Defraud The United States**" against Plaintiff.

407. Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

408. Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as the Founder and Pastor of All Believer's Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God Incorporated.

409. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SIXTY-SIX (66)

CIVIL CLAIMS UNDER TITLE 42 U.S.C. 1983 PURSUANT TO
**DUE PROCESS AND EQUAL PROTECTIONS CLAUSE OF THE FOURTEENTH AMENDMENT** AGAINST DEFENDANTS' FALSE ALLEGATION OF
**"SELLING VAN LOADS OF GOVERNMENT DONATED COMPUTERS TO COMPUTECH A BELTSVILLE OF MARYLAND COMPUTER SHOP" AGAINST PLAINTIFF"**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins' Affidavit Unsealed on September 23, 2016)**

410. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and eleven (409) of this Complaint as if fully Set forth herein.

411. Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to Due Process and

Equal of Protection Clause of the Fourteenth Amendment and that; Defendants have Falsely Alleged of **"Selling Van Loads of Government Donated Computers to Computech A <u>Beltsville of Maryland</u> <u>Computer Shop"</u>** against Plaintiff and that; Defendants <u>Did Not Provide</u> Plaintiff the Opportunity to provide his own defense whereby Denying Plaintiff's Due Process and Equal Protect of Law under the Fourteenth Amendment.

412.    Plaintiff has provided an Affidavit by which Plaintiff Denies Defendants' False Allegation of **"Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop** against Plaintiff and that; Plaintiff's Affidavit provides detailed accounts of Plaintiff's Interactions with Leon Chen Managing Director of CompuTech. A True and accurate copy of Plaintiff's Affidavit in Support of Plaintiff's Interaction with CompuTech is hereby **Marked Exhibit Number 12.**

413.    Defendants have Falsely Alleged of **"Selling Van Loads of Government Donated Computers to Computech A <u>Beltsville of Maryland Computer Shop"</u>** against Plaintiff as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still active and pending at the United States District Court for District of Maryland Since October 21, 2008.

414.    Defendants Acted Under Color of Law by which Defendants with malicious intend to hurt Plaintiff to which Defendants Denied Plaintiff's Due Process and Equal Protection of the Laws for which Plaintiff is not given the opportunity to provide his own defense in the Defendants' False Allegation of **"Selling Van Loads of Government Donated Computers to Computech A <u>Beltsville of Maryland</u> <u>Computer Shop"</u>** against Plaintiff and that; Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damages and monetary relief against the Defendants under the Due Process and Equal of Protection Clause of the Fourteenth Amendment.

415.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT SIXTY-SEVEN (67)**

**CONSPIRACY TO COMMIT DEFAMATION WITH MALICE
AGAINST DEFENDANTS' FALSE ALLEGATION OF
"SELLING VAN LOADS OF GOVERNMENT DONATED COMPUTERS TO COMPUTECH
A BELTSVILLE OF MARYLAND COMPUTER SHOP" AGAINST PLAINTIFF**
(Against Hargan; Ferriero; Collins; Horne; Levinson; Agent Doe at NARA; Lieutenant Jensen;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

416.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and fifteen (415) of this Complaint as if fully Set forth herein.

417.    As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Conspired with each other and Falsely Alleged of **"Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop"** against Plaintiff which is a Defamatory Statement to third parties regarding Plaintiff Emmanuel Edokobi and that; Defendants with Malice Filed a Criminal Case of **Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop"** against Plaintiff with **Criminal Cases #8:08-mj-03379-WGC** at the United States District Court for the District of Maryland which is still active and pending since October 21, 2008.

418.    Defendants Above Captioned made False Allegation of **"Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop"** against Plaintiff and against Plaintiff's Organization USF and that; Defendants' Allegation is Defamatory in the word itself which imputes the Defamatory Character on Plaintiff Emmanuel Edokobi who is an Ordained Pastor and Founder of All Believers' Church of Christ and Co-Founder of Faith Assembly Church of God Incorporated.

419.    Defendants' False Allegation of **"Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop" "** against Plaintiff Emmanuel Edokobi was made negligently.

93

420.    Defendants' False Allegation of "**Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop**" against Plaintiff was made with Malice and with intent to hurt Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ.

421.    Defendants' False Allegation of "**Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop**" against Plaintiff was False.

422.    Defendants are legally at Fault in Making the Allegation of "**Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop**" against Plaintiff.

423.    Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

424.    Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as an Ordained Pastor of All Believers Church of Christ and Co-Founder of Faith Assembly Church of God Incorporated.

425.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT SIXTY-EIGHT (68)**

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
**PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

426.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and twenty-five (425) of this Complaint as if fully Set forth herein.

427.    Plaintiff brings this Civil Action under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, for Committing Acts, Under Color of Law by

Depriving Plaintiffs Constitutional Rights to **Sixth Amendments' Clauses** Act of 1974 Clause of **"Speedy and Public Trial"** because Defendants have Failed to bring Charge of the Alleged "**Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop"** for which Defendants Filed these **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and those Criminal Cases are still active and pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

428. Defendants' Failure to bring Charge of the Alleged "**Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop" Against Plaintiff** has made Plaintiff to continue to live in Constant Anxiety and Constant Fear of Uncertainty, and that; Plaintiff's Fate Continues to Hang in the Balance.

429. Plaintiff by this Civil Action asserts that; the Sixth Amendment to the U.S. Constitution affords criminal defendants seven discrete personal liberties: (1) the right to a Speedy Trial; (2) the right to a public trial; (3) the right to an impartial jury; (4) the right to be informed of pending charges; (5) the right to confront and to cross-examine adverse witnesses; (6) the right to compel favorable witnesses to testify at trial through the subpoena power of the judiciary; and (7) the right to legal counsel. Ratified in 1791, the Sixth Amendment originally applied only to criminal actions brought by the federal government.

430. Defendants with prejudice and animosity recklessly violated Plaintiff's Constitutional Right of **Speedy Trial as Shrined in the Sixth Amendment** to the U.S. Constitution and Sixth Amendment provides in pertinent part as follows:

> "The Sixth Amendment to the U.S. Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the Right to a Speedy and Public Trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, And to be Informed of the Nature and Cause of the Accusation; to be Confronted with the Witnesses against Him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense".

431. Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants for their Non-Prosecution of these Criminal Cases #8:08-mj-03379-WGC and # 8:08-mj-03380-WGC which Defendants Filed against Plaintiff and those Criminal Case are still active and Pending at the United States District for the District of Maryland Court Since October 21, 2008.

432. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the

95

amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SIXTY-NINE (69)

### CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY
FOR DEFENDANTS' FAILURE TO CONDUCT DUE DILIGENCE
ON PROBABLE CAUSE PRIOR TO FALSELY ALLEGING OF
**SELLING VAN LOADS OF GOVERNMENT DONATED COMPUTERS TO COMPUTECH
A BELTSVILLE OF MARYLAND COMPUTER SHOP" AGAINST PLAINTIFF**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

433.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and thirty-two (432) of this Complaint as if fully Set forth herein.

434.    Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA;; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process and Equal Protection Clause of The Fourteenth Amendment** to the United States Constitution because; Defendants Above Captioned have alleged of **Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop"** against Plaintiff as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still active and Pending at the U.S. District Court for District of Maryland Since October 21, 2008.

435.    Defendants Acted Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process and Equal Protection Clause of the Fourteenth Amendment,** because Defendants **Above Captioned Recklessly and Falsely Alleged Selling Van Loads of Government Donated Computers to Computech A Beltsville of Maryland Computer Shop"** against **Plaintiff** and that, Defendants Above Captioned Filed these **Criminal Cases #8:08-mj-03379-WGC and**

96

**#8:08-mj-03380-WGC** against Plaintiff and Plaintiff's Organization (USF) <u>Without Any Creditable</u> Evidence to Support Defendant's False Allegation of **Selling Van Loads of Government Donated Computers to Computech A** <u>Beltsville of Maryland Computer Shop"</u> against Plaintiff.

436.   Defendants Acted Under Color of Law by which Defendants Conspired with each other to Deprive Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process Clause of the Fourteenth Amendment** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007) and Damazo v. Wahby, 259 Md. 627 (1970).

437.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT SEVENTY (70)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
**PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

438.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and thirty-seven (437) of this Complaint as if fully Set forth herein.

439.   As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston  Acted, Under Color of Law by Depriving Plaintiffs Constitutional Rights to Sixth Amendments' Clauses Act of 1974 Clause of **"Speedy and Public Trial"** because Defendants have Failed to bring Charge of the Alleged **Selling Van Loads of Government Donated Computers to Computech A** <u>Beltsville of Maryland Computer Shop"</u> against Plaintiff. for which Defendants Filed these **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and against Plaintiff's Organization USF

and those Criminal Cases are still active and Pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

440.    Defendants' Failure to Close the Charge of the Alleged of **Selling Van Loads of Government Donated Computers to Computech A <u>Beltsville of Maryland Computer Shop</u>"** against **Plaintiff** has made it impossible for Plaintiff to <u>Travel Out Of The United States Of America</u>, because Plaintiff has been advised that Defendants are Waiting for Plaintiff to Travel Out of the United States of America so that; Defendants will go to United States District Court for the District of Maryland to Obtain Warrant of Arrest on Plaintiff Pursuant to **18 U.S.C. Section 1073 (1) (2)** provides in pertinent part:

> "Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of an offense punishable by death or which is a felony under the laws of such place, is charged".

441.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants because Defendants have failed to prosecute their Alleged **Selling Van Loads of Government Donated Computers to Computech A <u>Beltsville of Maryland Computer Shop</u>"** against Plaintiff. and that Defendants have refused to **Close** those **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** that; Defendants Filed against Plaintiff and against Plaintiff's Organization (USF) and those Criminal Cases are still active and pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

442.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT SEVENTY-ONE (71)**

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
PURSUANT TO DUE PROCESS AND EQUAL PROTECTIONS CLAUSE
**OF THE FOURTEENTH AMENDMENT**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;

**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

443. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and forty-two (442) of this Complaint as if fully Set forth herein.

444. Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to Due Process and Equal of Protection Clause of the Fourteenth Amendment and that; Defendants have Falsely Alleged of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi and that; Defendants Did Not Provide Plaintiff the Opportunity to provide his own defense whereby Denying Plaintiff's Due Process and Equal Protect of Law under the Fourteenth Amendment.

445. Plaintiff has provided an Affidavit by which Plaintiff Denies Defendants' False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi and that; Plaintiff's Affidavit provides detailed accounts of Plaintiff's Interactions with the People at the National Institute of Health. A True and accurate copy of Plaintiff's Affidavit of Plaintiff's Interactions with People at the NIH is hereby **Marked Exhibit Number 13.**

446. Defendants have Falsely Alleged of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for **these Criminal Cases #8:08-mj-03379-WGC and #8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still active and pending at the United States District Court for District of Maryland Since October 21, 2008.

447. Defendants Acted Under Color of Law by which Defendants with malicious intend to hurt Plaintiff to which Defendants Denied Plaintiff's Due Process and Equal Protection of the Laws for which Plaintiff is not given the opportunity to provide his own defense in the Defendants' Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi and that; Plaintiff by this Civil Action seeks declaratory relief, compensatory

99

relief, punitive relief, general damages and monetary relief against the Defendants under the Due Process and Equal of Protection Clause of the Fourteenth Amendment.

448. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SEVENTY-TWO (72)

### CONSPIRACY TO COMMIT DEFAMATION WITH MALICE AGAINST DEFENDANTS' FALSE ALLEGATION OF "GIVING ILLEGAL KICKBACK PAYMENT" BRIBE TO HARRIS A SENIOR OFFICER AT NATIONAL INSTITUTE OF HEALTH" BY PLAINTIFF

((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

449. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and forty-eight (448) of this Complaint as if fully Set forth herein.

450. As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Conspired with each other and Falsely Alleged of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi which is a Defamatory Statement to third parties regarding Plaintiff Emmanuel Edokobi and that; Defendants with Malice Filed a Criminal Case of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi with **Criminal Cases #8:08-mj-03379-WGC** at the United States District Court for the District of Maryland which is still active and pending since October 21, 2008.

451. Defendants Above Captioned made False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi and that; Defendants' Allegation is Defamatory in the word itself which imputes the Defamatory Character on Plaintiff Emmanuel Edokobi who is an Ordained Pastor and Founder of All Believers' Church of Christ.

452.    Defendants' False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi was made negligently.

453.    Defendants' False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi was made with Malice and with intent to hurt Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ.

454.    Defendants' False Allegation of **""Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi was False.

455.    Defendants are legally at Fault in Making the Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages.

456.    Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as Founder and Pastor of All Believers' Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God.

457.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT SEVENTY-THREE (73)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
**PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

458.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and fifty-seven (457) of this Complaint as if fully Set forth herein.

459.   Plaintiff brings this Civil Action under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, for Committing Acts, Under Color of Law by Depriving Plaintiffs Constitutional Rights to **Sixth Amendments' Clauses** Act of 1974 Clause of **"Speedy and Public Trial"** because Defendants have Failed to bring Charge of the Alleged **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi for which Defendants Filed  these **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and those Criminal Cases are still active and pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

460.   Defendants' Failure to bring Charge of the Alleged **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi has made Plaintiff to continue to live in Constant Anxiety and Constant Fear of Uncertainty, and that; Plaintiff's Fate Continues to Hang in the Balance.

461.   Plaintiff by this Civil Action asserts that; the Sixth Amendment to the U.S. Constitution affords criminal defendants seven discrete personal liberties: (1) the right to a Speedy Trial; (2) the right to a public trial; (3) the right to an impartial jury; (4) the right to be informed of pending charges; (5) the right to confront and to cross-examine adverse witnesses; (6) the right to compel favorable witnesses to testify at trial through the subpoena power of the judiciary; and (7) the right to legal counsel. Ratified in 1791, the Sixth Amendment originally applied only to criminal actions brought by the federal government.

462.   Defendants with prejudice and animosity recklessly violated Plaintiff's Constitutional Right of **Speedy Trial as Shrined in the Sixth Amendment** to the U.S. Constitution and Sixth Amendment provides in pertinent part as follows:

> "The Sixth Amendment to the U.S. Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the Right to a Speedy and Public Trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, And to be Informed of the Nature and Cause of the Accusation; to be Confronted with the Witnesses against Him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense".

463.   Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants for their Non-Prosecution of these Criminal Cases #8:08-mj-03379-WGC

and # 8:08-mj-03380-WGC which Defendants Filed against Plaintiff and those Criminal Case are still active and Pending at the United States District for the District of Maryland Court Since October 21, 2008.

464.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT SEVENTY-FOUR (74)**

**CIVIL CLAIMS OF VIOLATION OF MARYLAND LAW OF CIVIL CONSPIRACY**
FOR DEFENDANTS' FAILURE TO CONDUCT DUE DILIGENCE
ON PROBABLE CAUSE PRIOR TO FALSELY ALLEGING OF
**"GIVING ILLEGAL KICKBACK PAYMENT" BRIBE TO HARRIS A SENIOR
OFFICER AT NATIONAL INSTITUTE OF HEALTH" BY PLAINTIFF**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA;
Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

465.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and sixty-four (464) of this Complaint as if fully Set forth herein.

466.    Plaintiff brings this Civil Action Civil Claims under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston for Committing Acts Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process and Equal Protection Clause of The Fourteenth Amendment** to the United States Constitution because; Defendants Above Captioned have alleged of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi as Documented in the Defendants' **Affidavit** in Support of Defendants' Application for Search Warrants for these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**, that; Defendants Filed against Plaintiff and Plaintiff's Organization (USF) which are still active and Pending at the U.S. District Court for District of Maryland Since October 21, 2008.

467.   Defendants Acted Under Color of Law by which Defendants Deprived Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process and Equal Protection Clause of the Fourteenth Amendment,** because Defendants **Above Captioned Recklessly and Falsely Alleged of "Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi and that, Defendants Above Captioned Filed these **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** against Plaintiff and Plaintiff's Organization (USF) <u>Without Any Creditable</u> Evidence to Support Defendant's False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi.

468.   Defendants Acted Under Color of Law by which Defendants Conspired with each other to Deprive Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process Clause of the Fourteenth Amendment** and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007) and Damazo v. Wahby, 259 Md. 627 (1970).

469.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SEVENTY-FIVE (75)

### CONSPIRACY TO COMMIT DEFAMATION WITH MALICE
### AGAINST DEFENDANTS' FALSE ALLEGATION OF
### "GIVING ILLEGAL KICKBACK PAYMENT" BRIBE TO HARRIS A SENIOR
### OFFICER AT NATIONAL INSTITUTE OF HEALTH" BY PLAINTIFF
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

470.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and sixty-nine (469) of this Complaint as if fully Set forth herein.

471. As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston Conspired with each other and Falsely Alleged **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi which is a Defamatory Statement to third parties regarding Plaintiff Emmanuel Edokobi and that; Defendants with Malice Filed a Criminal Case of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi with **Criminal Cases #8:08-mj-03379-WGC** at the United States District Court for the District of Maryland which is still active and pending since October 21, 2008.

472. Defendants Above Captioned made False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi and against Plaintiff's Organization USF and that; Defendants' Allegation is Defamatory in the word itself which imputes the Defamatory Character on Plaintiff Emmanuel Edokobi who is the Founder and Pastor of All Believers' Church of Christ and Co-Founder and Associate Pastor of Faith Assembly Church of God.

473. Defendants' False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi was made negligently.

474. Defendants' False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff Emmanuel Edokobi was made with Malice and with intent to hurt Plaintiff.

475. Defendants' False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff was False.

476. Defendants are legally at Fault in Making the Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff.

477. Plaintiff Emmanuel Edokobi has thereby suffered damages as a direct and proximate cause from Defendants' actions including damages of out-of-pocket losses as well as non-economic damages. Plaintiff Emmanuel Edokobi has suffered impairment of his reputation and standing in the community, loss of employment, personal humiliation, mental anguish, and suffered as an Ordained Pastor and Founder of All Believers' Church of Christ and Co-Founder of Faith Assembly Church of God Incorporated.

105

478.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT SEVENTY-SIX (76)**

**CONSPIRACY TO COMMIT INVASION OF PRIVACY AND NEGLIGENCE
AGAINST DEFENDANTS' FALSE ALLEGATION OF
"GIVING ILLEGAL KICKBACK PAYMENT" BRIBE TO HARRIS A SENIOR
OFFICER AT NATIONAL INSTITUTE OF HEALTH" BY PLAINTIFF.**
((Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at
NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson;
Churchill, Jr., Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

479.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and seventy-eight (478) of this Complaint as if fully Set forth herein.

480.   As set forth herein, Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, because Defendants Conspired with each other and Falsely Alleged of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff and with the Conspiracy Defendants Obtained Search Warrants with which Defendants Publicly Searched Plaintiff's Private House at 2005 Stratton Road Potomac, Maryland 20854 and Plaintiff's Private Office at 6900 Cipriano Road Lanham, Maryland 20706 on Thursday October 21, 2008.

481.   Defendants Above Captioned had knowledge of and acted in reckless disregard as to impact that; those Searches and Seizures Operations would have on Plaintiff who is an Ordained Pastor and Founder of All Believers' Church of Christ and Co-Founder of Faith Assembly Church of God Incorporated.

482.   Defendants Conspired with each other and Falsely Alleged the **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff and, Defendants have violated Maryland Law of Civil Conspiracy because, Maryland law of Civil Conspiracy requires confederation of two or more persons by agreement or understanding to perform some unlawful or

tortious act done in furtherance of the conspiracy. See Lloyd v. General Motors Corp., 397 Md. 108, 154 (2007); Damazo v. Wahby, 259 Md. 627 (1970) and Green v. Washington Suburban Sanitary Comm'n, 259 Md. 206, 221 (1970)).

483. Defendants Above Captioned were well- aware of the negative impact of those Searches and Seizures on Plaintiff and that; Defendants' were aware that; their Searches and Seizures Operations at Plaintiff's House and Office would be highly offensive to a reasonable person.

484. Defendants Above Captioned conducted their Searches and Seizures at Plaintiff's House and Office on the False Allegation of **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff and that; Defendants allegation of **Theft Government Property** against Plaintiff was False.

485. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT SEVENTY-SEVEN (77)

VIOLATION OF 42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
**PURSUANT TO SIXTH AMENDMENTS OF SPEEDY TRAIL**
(Against Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent John Doe at NARA; Agent John Doe at NIH; Ronald Dawkins; Nacieve Owens; Alex Hernandez; Christopher Cherry; Rickety Parker; Charles Robinson; Ellington Churchill, Jr., Claude Misher and Winston)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

486. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and eighty-seven (487) of this Complaint as if fully Set forth herein.

487. Plaintiff brings this Civil Action under Title 42 U.S.C. 1983 against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr., Misher and Winston, for Committing Acts, Under Color of Law by Depriving Plaintiffs Constitutional Rights to **Sixth Amendments' Clauses** Act of 1974 Clause of **"Speedy and Public Trial"** because Defendants have Failed to bring Charge of the Alleged **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff for which

Defendants Filed these **Criminal Cases #: 8:08-MJ-03379-WGC and #: 8:08-MJ-03380-WGC** against Plaintiff and those Criminal Cases are still active and Pending at the United States District Court for the District of Maryland Court Since October 21, 2008.

488.   Defendants' Failure to bring Charge of the Alleged **"Giving Illegal Kickback Payment" Bribe To Harris A Senior Officer At National Institute Of Health"** by Plaintiff has made Plaintiff to continue to live in Constant Anxiety and Constant Fear of Uncertainty, and that; Plaintiff's Fate Continues to Hang in the Balance.

489.   Plaintiff by this Civil Action asserts that; the Sixth Amendment to the U.S. Constitution affords criminal defendants seven discrete personal liberties: (1) the right to a Speedy Trial; (2) the right to a public trial; (3) the right to an impartial jury; (4) the right to be informed of pending charges; (5) the right to confront and to cross-examine adverse witnesses; (6) the right to compel favorable witnesses to testify at trial through the subpoena power of the judiciary; and (7) the right to legal counsel. Ratified in 1791, the Sixth Amendment originally applied only to criminal actions brought by the federal government.

490.   Defendants with prejudice and animosity recklessly violated Plaintiff's Constitutional Right of **Speedy Trial as Shrined in the Sixth Amendment** to the U.S. Constitution and Sixth Amendment provides in pertinent part as follows:

> "The Sixth Amendment to the U.S. Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the Right to a Speedy and Public Trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, And to be Informed of the Nature and Cause of the Accusation; to be Confronted with the Witnesses against Him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense".

491.   Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, and monetary relief against Defendants for their Non-Prosecution of these Criminal Cases #8:08-mj-03379-WGC and # 8:08-mj-03380-WGC which Defendants Filed against Plaintiff and those Criminal Case are still active and Pending at the United States District for the District of Maryland Court Since October 21, 2008.

492.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT SEVENTY-EIGHT (78)**

CIVIL CLAIM OF FRAUD UNDER FEDERAL RULES OF CIVIL
**PROCEDURE RULE 9 (B). (FED. R. CIV. P. 9(B))**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between April 3, 2007 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

493.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four-hundred and ninety-two (492) of this Complaint as if fully Set forth herein.

494.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendants Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent Doe at NARA; Agent Doe at NIH; Ronald Dawkins; Nacieve Owens; Alex Hernandez; Christopher Cherry; Rickety Parker; Charles Robinson; Ellington Churchill, Jr.; Claude Misher; and Terri Winston; United States Department of Health and Human Services; United States National Archives and Records Administration; National Institutes of Health; United States General Services Administration; Office of Inspector General and Maryland Department of General Services for fraudulently alleged that; Defendants recovered NIH property that was Donated to USF with acquisition cost  in the amount of **$26,579.80.**

495.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) because, Defendants in their attempt to **implement and enforce their Policy of Non-Sale of Government Donated to Plaintiff's Organization USF** that; Defendants Entered Into The Trash Bin of CompuTech Office at Beltsville in Maryland to Retrieved Twenty (20) Discarded and Nonfunctioning Computers that were Donated to USF and Defendants assigned Value in the amount of **$26,579.80.**

496.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendants Above Captioned because, Defendants did not provide any documents or pictures to support their bogus claims of those Computers that Defendants Retrieved from the Trash Bin of CompuTech Office and Fed. R. Civ. P. 9(b) provides in pertinent part hereunder as follows:

> "(b) Fraud Conditions of Mind. In alleging fraud or mistake, a party must state
> with particularity the circumstances constituting fraud or mistake. Malice, intent,
> knowledge, and other conditions of a person's mind may be alleged generally".

497.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendants because Defendants fraudulently alleged of having recovered NIH property from CompuTech Trash Bin in the amount of **$26,579.80** which was donated to USF and that; Defendants did not provide Internal Revenue Service (IRS)' **FORM 8282 (OMB NO. 1545-0908)**, which was completed and signed by Plaintiff Emmanuel Edokobi for those Twenty (20) Discarded and Nonfunctioning Computers that; Leon Chen Managing Director of CompuTech Took from the United Support Foundation's Office at 772 Fines Lane Suite LL5 Lanham, Maryland 20706 in the last week of November 2006.

498.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT SEVENTY-NINE (79)

### CIVIL CLAIM OF FRAUD UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 9 (B). (FED. R. CIV. P. 9(B))

(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between April 3, 2007 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

499.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through four hundred and ninety-eight (498) of this Complaint as if fully Set forth herein.

500.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendants Eric Hargan; David Ferriero; Tim Horne; Daniel Levinson; Agent Doe at NARA; LAgent Doe at NIH; Ronald Dawkins; Nacieve Owens; Alex Hernandez; Christopher Cherry; Rickety Parker; Charles Robinson; Ellington Churchill, Jr.; Claude Misher; and Terri Winston; United States Department of Health and Human Services; United States National Archives and Records Administration; National Institutes of Health; United States General Services Administration; Office of Inspector General and Maryland Department of General Services for fraudulently alleged that; Defendants **Discovered 139 items that were NIH properties which were originally transferred from the NIH to the USF with acquisition cost  in the amount of $340,309.00.**

110

501.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendants because, Defendants did not provide information of person or persons who took those 139 items which were NIH properties to CompuTech and that; Defendants did not provide information of the amount that; Leon Chen Managing Director of CompuTech paid for those 139 items and to whom that; Leon Chen Managing Director of CompuTech paid for those 139 items which were NIH properties.

502.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendants because, Defendants did not Sale those 139 items which were NIH properties that; Defendants Discovered at CompuTech Office and that; Plaintiff has provided an Affidavit that, provides accurate Plaintiff's Interactions with t Leon Chen Managing Director of CompuTech.

503.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT EIGHTY (80)**

CIVIL CLAIM OF FRAUD UNDER FEDERAL RULES OF CIVIL
**PROCEDURE RULE 9 (B). (FED. R. CIV. P. 9(B))**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between April 3, 2007 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

504.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and three (503) of this Complaint as if fully Set forth herein.

505.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services for fraudulently alleged that; USF Received **From the NIH From 01/08/2003 To 09/19/2007 A Total of 16,463**

111

**Computer Items With A Total Acquisition Cost To The NIH of $30,589,954.76.**

506.    Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against

Defendants because; Defendants Did Not Provide Any documentation that supports Defendants' allegation

that USF received NIH's equipment in the amount of **$30,589,954.76.** and that; Defendants had built their

Criminal Cases against Plaintiff and Plaintiff's Organization USF on Falsehood and that; Plaintiff by this

Civil Action Challenges Defendants to produce Documentary Evidence that, supports Defendants' bogus

allegation of USF receiving NIH's equipment in the of **$30,589,954.76.**

507.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment

against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the

amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems

just and proper.

**COUNT EIGHTY-ONE (81)**

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens;
Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and
Human Services; National Archives and Records Administration; National Institutes of Health; General
Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between June 25, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

508.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-

hundred and seven (507) of this Complaint as if fully Set forth herein.

509.    Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants

Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez;

Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services;

National Archives and Records Administration; National Institutes of Health; General Services

Administration; Office of Inspector General and Maryland Department of General Services for fraudulently,

for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants'

Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation

112

Program Regulations Section 102-37.380 (Appendix C) that includes **"Non-Sale of Federal Surplus Computer Donations Policy".**

510.   Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Implementation and Enforcement of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) by initiating **Sting Operations** on Plaintiff for which; on June 25, 2008 Defendants Lured Plaintiff to Come to the NARA's Warehouse located at 3301 Matelot Road, College Park, Maryland to receive computer equipment that Defendants intended to Donation to Plaintiff's Organization USF under the guise of Apprehending Plaintiff in the Act of Selling **of Defendants Donated Computer equipment.**

511.   Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C), by **Tracking Plaintiff's Movement** from NARA's Warehouse located at 3301 College Park, Maryland to Plaintiff's School Premises at 6900 Cipriano Road Lanham, Maryland and that; **Defendants Do Not Track Other People** who Received Donations from Defendants and that; Plaintiff was Treated Differently.

512.   Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C), because, Plaintiff's National Country of Birth which is Nigerian, for which Plaintiff was subjected to Defendants' **Sting Operations.**

513.   Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C), because, there are no other Persons that received Donation of Computer Equipment from Defendants that were subjected to Defendants; **Sting Operations.**

514.   Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damage and monetary relief under 42 U.S.C. § 1983 against Defendants for Committing Acts, under Color of Law by which Defendants **Treated Plaintiff Differently by Initiating Sting Operations** on Plaintiff and by **Tracking Plaintiff's Movement** from NARA's Warehouse to Plaintiff's School Premises. A true and accurate copy of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) is hereby **Marked Exhibit Number 14.**

113

515. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT EIGHTY-TWO (82)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between June 25, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

516. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and fifteen (515) of this Complaint as if fully Set forth herein.

517. Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Replicating of the Original Acquisition Cost** of the Used Computer Equipment that Defendants had Donated to Plaintiff's Organization (USF). True and accurate copies of Defendants' Documents which were Approved by Defendants with the Original Acquisition are hereby **Marked Exhibit Number 15.**

518. Defendants Acted under Color of Law, because other Organizations and Institutions including the State of Maryland Services Administration; Received Used Computers from Defendants **Without the**

114

**Replicating of Original Acquisition Cost**; unlike Plaintiff's Organization USF that Defendants **Treated Different by Replicating the Original Acquisition Cost of the Computer Equipment.**

519.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damage and monetary relief under 42 U.S.C. § 1983 against Defendants for Committing Acts, under Color of Law by which Defendants **Treated Plaintiff and Plaintiff's Organization USF Differently** by **Replication the Original Cost** of those Used Computer Equipment that Plaintiff received from Defendants.

520.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT EIGHTY-THREE (83)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between June 25, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

521.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and twenty (520) of this Complaint as if fully Set forth herein.

522.    Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Cannibalization Restriction Policy.**

115

523.    Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Donations of Computer Programs that includes Donor's Computer Donations **Cannibalization Restriction Policy** for which Plaintiff was not allowed to Establish A Recycling Services. True and accurate copies of Plaintiff's Recycling Company Documents are hereby **Marked Exhibit Number 16.**

524.    Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Donations of Computer Programs that includes Donor's Computer Donations **Cannibalization Restriction Policy,** because other Organizations and Institutions including the State of Maryland General Services that; Received Used Computers from Defendants Can **Cannibalization Computers from Defendants.**

525.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damage and monetary relief under 42 U.S.C. § 1983 against Defendants for Committing Acts, under Color of Law, because Defendants Treated Plaintiff and Plaintiff's Organization USF Differently Not Allowing Plaintiff to **Cannibalize Computers that Plaintiff Received from Defendants.**

526.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT EIGHTY-FOUR (84)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between June 25, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

527.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and twenty-six (526) of this Complaint as if fully Set forth herein.

116

528.    Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants  Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Computer Donations Utilization Compliance Policy.**

529.    Defendants Acted  Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of  Terms and Conditions and Policies of Donations of Computer Programs that includes **Computer Donations Utilization Compliance Policy;** for which Defendants filed two Criminal Cases against Plaintiff at the United States District Court for the District of Maryland with **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC**, and that; those Criminal Case are still active and pending at the United States District Court for District of Maryland Since October 21, 2008.

530.    Defendants Acted Under Color of Law by **Treating Plaintiff Differently** for which Defendants Implemented and Enforced their Computer Donations Utilization Compliance Policy by Filing those Criminal Cases against Plaintiff and Plaintiff's Organization USF which are still pending at the United States District Court for the District of Maryland.

531.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damage and monetary relief under 42 U.S.C. § 1983 against Defendants for Committing Acts, under Color of Law, because Defendants **Treated Plaintiff and Plaintiff's Organization USF Differently** by Filing Criminal Cases against Plaintiff for Computer Donations Utilization Compliance Policy.

532.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT EIGHTY-FIVE (85)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'**
**DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens;
Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and
Human Services; National Archives and Records Administration; National Institutes of Health; General
Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'**
**Affidavit Unsealed on September 23, 2016)**

533.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and thirty-two (532) of this Complaint as if fully Set forth herein.

534.    Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Non-use of A Qualified Appraiser for Computer Donations Policy.**

535.    Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of **Non-use of A Qualified Appraiser for Computer Donations Policy,** because Defendants are claiming huge amounts of money for those used computer equipment that Defendants Donated to Plaintiff's Organization without **A Qualified Appraiser's Certification on the market fair value of those used computers.**

536.    Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of **Non-use of A Qualified Appraiser for Computer Donations Policy,** because, Defendants Do Not Make Huge Claims of Amount

118

of money on the Used Computers that other Organizations and Institutions including the State of Maryland General Services received from Defendants.

537.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT EIGHTY-SIX (86)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

538.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and thirty-seven (537) of this Complaint as if fully Set forth herein.

539.    Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants  Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Non-use of A Qualified Appraiser for Computer Donations Policy; Qualified Appraiser for Computer Donations Policy and Cannibalization Restriction Policy are in direct violation of Executive Order 12999 Educational Technology.**

540.    Defendants Acted Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies that Defeat the Purpose of Executive

Order 12999 Educational Technology and that; Plaintiff had submitted Request for Used Computers to Defendants pursuant to Executive Order 12999 Educational Technology. A true and accurate copy of the Order 12999 Educational Technology is hereby **Marked Exhibit Number 17**.

541.   WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT EIGHTY-SEVEN (87)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between June 25, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

542.   Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and forty-one (541) of this Complaint as if fully Set forth herein.

543.   Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants  Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes Violation of Defendants' **Non-Supply of Software on Federal Surplus Computer Donations Policy**; by Installing Tracking and Monitoring Software on **Dell Laptop Latitude C800 with Serial # 7G9GY01** Plaintiff had received in Donation from NARA on June 25, 2008.

120

544.    Defendants Acted Under Color of Law by **Treating Plaintiff Differently** by Installing Tracking and Monitoring Software on the Dell Laptop Latitude C800 with Serial # 7G9GY01 that; Plaintiff had received from NARA and that; Defendants Do Not Install Tracking and Monitoring Software on the Computers that; Other Organizations and Institution including the State of Maryland General Services received Defendants.

545.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT EIGHTY-EIGHT (88)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens;
Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and
Human Services; National Archives and Records Administration; National Institutes of Health; General
Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

546.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and forty-five (545) of this Complaint as if fully Set forth herein.

547.    Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Non-Sale of Federal Surplus Computer Donations Policy** for which Defendants had to gone to

CompuTech Store in Beltsville, Maryland in Search of Used Computers that Defendants Donated to Plaintiff's Organization (USF).

548. Defendants Acted Defendants Acted Under Color of Law by **Treating Plaintiff Differently** because, Defendants' Implementation and Enforcement of Terms and Conditions and Policies of **Non-Sale of Federal Surplus Computer Donations Policy** that; Defendants had to go to CompuTech Store in Beltsville, Maryland to Search for those Used Computers that, Defendants had donated to Plaintiff's Organization USF and that; Defendants Do Not Search for Used Computers that; Defendants had Donated other Organizations, and Institutions from received used computers from Deferments.

549. WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT EIGHTY-NINE (89)

VIOLATION OF (42 U.S.C. SECTIONS 1983) BY ACTING UNDER COLOR OF LAW
AGAINST DEFENDANTS' IMPLEMENTATION AND ENFORCEMENT OF
**(TERMS AND CONDITIONS AND POLICIES OF FEDERAL AGENCIES'
DONATION PROGRAM REGULATIONS SECTION 102-37.380 (APPENDIX C)**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

550. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and forty-nine (549) of this Complaint as if fully Set forth herein.

551. Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by **Treating Plaintiff Differently** in the Defendants' Implementation and Enforcement of Terms and Conditions and

122

Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Compliance for Federal Surplus Computer Donations Policy**; for which Defendants with prejudice and animosity executed obnoxious and outrageous Searches and Seizures Operations at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and Plaintiff's Private House at 6900 Cipriano Road Lanham, Maryland 20706 on Thursday October 16, 2008.

552.    Defendants Acted Defendants Acted Under Color of Law by **Treating Plaintiff Differently** because, Defendants' Implementation and Enforcement of Terms and Conditions and Policies of **Compliance for Federal Surplus Computer Donations Policy** that; Defendants had to Search Plaintiff's House and Seize **Dell Laptop Latitude C800 with Serial # 7G9GY01**, which Plaintiff Repaired and which Plaintiff was using Plaintiff daily work operations at USF.

553.    Defendants Acted Defendants Acted Under Color of Law by **Treating Plaintiff Differently** because, Defendants' Implementation and Enforcement of Terms and Conditions and Policies of **Compliance for Federal Surplus Computer Donations Policy** and that; Defendants Do Not Search Houses and Offices of those Organizations and Institutions and Individuals that received used computers from Defendants.

554.    Plaintiff by this Civil Action seeks declaratory relief, compensatory relief, punitive relief, general damage and monetary relief under 42 U.S.C. § 1983 against Defendants for Committing Acts, under Color of Law, because Defendants **Treated Plaintiff and Plaintiff's Organization USF Differently** by Filing Criminal Cases against Plaintiff for Computer Donations Utilization Compliance Policy.

555.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT NINETY (90)**

CIVIL CLAIMS UNDER TITLE 42 U.S.C. 1983 PURSUANT TO
**DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT** AGAINST DEFENDANTS' FALSELY ALLEGATION OF THEFT OF **GOVERNMENT PROPERTY AGAINST PLAINTIFF**
Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National

Institutes of Health; General Services Administration; Office of Inspector General and
Maryland Department of General Services)

Violation Occurred between July 30, 2008 and October 15, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

556.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and fifty-five (555) of this Complaint as if fully Set forth herein.

557.    Plaintiff brings this Civil Action under Title 42 U.S.C. Sections 1983) against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, for Committing Acts Under Color of Law by Depriving Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process and Equal Protection Clause of the Fourteenth Amendment** to the United States Constitution for which; Defendants' implemented and enforced Defendants' Terms and Conditions and Policies of **Non-Sale of Federal Surplus Computer Donations Policy** for which; Defendants recklessly Filed Two **Criminal Cases** against Plaintiff and Plaintiff's Organization (US) at the United States District Court for the District of Maryland.

558.    Defendants Acted Under Color of Law by Depriving Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process and Equal Protection Clause of the Fourteenth Amendment** by Implementing and Enforcing Defendants' Terms and Conditions and Policies of **Compliance for Federal Surplus Computer Donations Policy;** for which; Defendants had to execute Obnoxious and Outrageous Searches and Seizures Operations at Plaintiff's Private House at 2005 Stratton Drive Potomac, Maryland 20854 and Plaintiff's Private House at 6900 Cipriano Road Lanham, Maryland 20706 on Thursday October 16, 2008 and that; Defendants Did Not Provide Plaintiff Opportunity to provide His Own Defense.

559.    Defendants Acted Under Color of Law by Depriving Plaintiff's Rights and Privileges and Protections Pursuant to **Due Process and Equal Protection Clause of the Fourteenth Amendment** by Implementing and Enforcing Defendants' Terms and Conditions and Policies of **Three-Year-Donor's Retention-Right-of-Ownership Computer Donations Policy;** for which Defendants had to Seize all Plaintiff's Operating Documents and Equipment and that; those items are still in the custody of Defendants

and that; Plaintiff has been given an opportunity to provide His Own Defense for which; Plaintiff's Due Process and Equal Protection Clause of the Fourteenth Amendment has ben compromised

560.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT NINETY-ONE (91)

VIOLATION OF EQUAL PROTECTION OF THE LAWS TO ARTICLE 24
**OF THE MARYLAND, DECLARATION OF RIGHTS**
(Against Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services)

Violation Occurred between October 16, 2008 and October 21, 2008;
**(Violation Perpetrators Discovered from Ronald Dawkins'
Affidavit Unsealed on September 23, 2016)**

561.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (I) through five-hundred and sixty (560) of this Complaint as if fully Set forth herein.

562.    Plaintiff brings this Civil Claims of Violation Equal Protection of the Laws to Article 24 of the Maryland, Declaration of Rights against Defendants Hargan; Ferriero; Horne; Levinson; Agent Doe at NARA; Agent Doe at NIH; Dawkins; Owens; Hernandez; Cherry; Parker; Robinson; Churchill, Jr.; Misher; and Winston; Department of Health and Human Services; National Archives and Records Administration; National Institutes of Health; General Services Administration; Office of Inspector General and Maryland Department of General Services, because; Defendants Violated the Equal Protection of the Laws to Article 24 of the Maryland, Declaration of Rights by Defendants' Failure to provide Plaintiff an opportunity to provide His own defense to Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 (Appendix C) that includes **Compliance for Federal Surplus Computer Donations Policy**.

563.    Defendants Violated Equal Protection of the Laws to Article 24 of the Maryland, Declaration of Rights by Defendants Did Not provide Plaintiff an opportunity to provide His own defense to Defendants' Implementation and Enforcement of Terms and Conditions and Policies of Federal Agencies' Donation Program Regulations Section 102-37.380 that includes **Non-Sale of Federal Surplus Computer Donations**

**Policy** prior to Defendants Filing Criminal Actions against Plaintiff and Plaintiff's Organization (USF) at the United States District Court for the District of Maryland with **Criminal Cases #8:08-mj-03379-WGC** and **#8:08-mj-03380-WGC** which are still active and pending since October 21, 2008.

564.    That Maryland Declaration of Rights, Article 24 provides in pertinent part: "That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, our outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property". See Kirsch v. Prince George's County, 331 Md. 89, 96, 626 A.2d 372, 375; Murphy v. Edmonds, 325 Md. 342, 353, 601 A.2d 102, 107 (1992); Hargrove v. Board of Trustees, 310 Md. 406,416,529 A.2d 1372, 1377 (1987); State v. Wynand, 304 Md. 721,726,501 A.2d 43, 46 (1985).

565.    WHEREFORE, the foregoing considered, Plaintiff Emmanuel Edokobi demands judgment against Defendants Above Captioned in the amount of $13,000,000.00 in compensatory damages in the amount of $25, 000, 000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

**DEFENDANT REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

Emmanuel Edokobi, Pro se
2005 Stratton Drive
Potomac, Maryland 20854
Telephone Cell: 301-793-2882
E-mail: emmanuel2040@gmail.com